# Terst Sons & Co. v. O'Neal.

*Assumpsit for Goods, &c., Sold and Delivered.*

1. *New trial; verdict contrary to evidence.*—The decision of the trial court, refusing to grant a new trial, on the ground that the verdict was contrary to the evidence, will not be reversed unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided, as to clearly convince the court that it was wrong and unjust.

APPEAL from Henry Circuit Court.

Tried before Hon. J. M. CARMICHAEL.

The facts are sufficiently stated in the opinion.

A. E. PACE, for appellant.

ESPY & FARMER and H. L. MARTIN, *contra.*

COLEMAN, J.—The appeal is prosecuted from the judgment of the court overruling a motion for a new trial. The ground of the motion which requires consideration is that the verdict of the jury was contrary to the evidence. In the case of *Cobb v. Malone*, 92 Ala. 630, it was declared as the proper rule, "that the decision of the trial court, refusing to grant a new trial, on the ground that the verdict was contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided, as to clearly convince the court that it is wrong and unjust." This rule has been invariably reaffirmed since its adoption, whenever the question has been before us.—*Morris v. West,* 101 Ala. 534; *Holland v. Howard,* 105 Ala. 538. Giving to the appellee, the defendant, in this cause the full benefit of the rule, in its every phase, and we are constrained to the conclusion, by the facts and circumstances which are uncontroverted, that a new trial should have been granted. We do not know what may appear on another trial, but the evidence in the record before us, satisfies us beyond all reasonable doubt, that the de-

fendant has obtained an advantage from a mere error in the transposition of figures, which ought not to be allowed.

On the 30th of October, 1893, the defendant was indebted to the plaintiff in the sum of $138.28, and on Nov. 3d, 1893, he enclosed them a check for that amount "to settle bill," 2% off. In this letter he made inquiry as to salt, &c., Nov. 6th, the plaintiffs acknowledged receipt of remittance of $318.28 by letter of defendant of Nov. 3d, for which they allowed him credit *with the discount and also replied to the inquiry as to salt.* The defendant's letter of the third containing the check claimed the discount, and made inquiry after salt. The plaintiffs' testimony and that of the stenographer in typewriting is clear as to how the figures one and three were transposed. That this letter was a reply to the defendant's letter of Nov. 3d cannot be doubted, and the defendant admits the check he enclosed in his letter of the 3d was for $138.28. The defendant says, however, that on the 4th of Nov. he remitted a check to plaintiffs for $318.28 for which he holds plaintiffs' receipt by his letter of Nov. 6th, the letter above referred to. It is not denied that the plaintiff sent but one receipt, and that of Nov. 6th which we have considered. The defendant's bookkeeper testifies, that he made the entry charging the plaintiffs with $318.28 at the direction of the defendant, but that he had no knowledge of the remittance of such a check. Moreover, the defendant has entirely forgotten by whom or on whom the check for $318.28 was drawn, and thus far no trace of it can be found. Furthermore, it is exceedingly singular that the precise number of cents, to-wit, twenty-eight, should have constituted a part of each check; and what is still more singular, is, that the plaintiffs' acknowledgment should have referred in detail to the matters of defendant's letter, which enclosed the check. In addition to these facts, the defendant did not owe the plaintiffs a cent on the 4th of November; cannot produce the copy of a letter, enclosing the check for $318.28. These are circumstances to which we might advert, but we deem it unnecessary.

The judgment refusing a new trial is set aside and annulled, and a judgment will be here rendered granting a new trial.

Reversed and rendered.