# Anderson *et al. v.* English & Webb.

*Action on Account, and to Enforce Material Man's Lien.*

1. *Memorandum to refresh memory; when and by whom used.* If each of two witnesses testifies that a memorandum of the delivery of lumber made by one of them from the original entries, was a true copy of the original entries; that each was present when all the lumber claimed to have been delivered, was hauled, and each had a personal supervision of "each load" delivered; that the original entries showing the quantity of lumber in feet were entered at the time of the delivery, some by one and some by the other of the witnesses, but in the presence of each other, and each knew them all to be correct, and that each knew the copy to be correct, and knew the quantity of lumber as shown by the memorandum had been delivered to defendant; each of the witnesses may use the memorandum to refresh his memory as to the quantity of lumber claimed by them to have been delivered to the defendants.

[Anderson *et al.* v. English & Webb.]

2. *New trial; when refusal to grant because verdict contrary to the evidence, sustained.*—This court will not reverse a trial court in refusing to grant a new trial on the ground that the verdict was contrary to the evidence, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence is so decided against the verdict as to clearly convince the court that it was wrong and unjust.

3. *Abstract charge; no ground for reversal.*—The giving of an abstract charge, which asserts a correct proposition of law, is not reversible error.

4. *Special contract disclosed by the evidence in suit on common count; onus to prove on plaintiff.*—If the evidence discloses a special contract under which lumber was sold to defendants, the onus is on the plaintiffs, in a suit to recover the value of the lumber, to prove every term of the contract by which the liability of the defendants became fixed, although the complaint contains only the common counts.

5. *Contract; construction of.*—Under a contract that a party shall pay for so much lumber as may be used in building a house and return the remainder not used, he is liable for all lumber delivered to him and not returned whether used in building or not.

6. *Charge; erroneous refusal of, no injury when the error is corrected in the judgment entry.*—If a charge is erroneously refused, the judgment will not be reversed on account of the refusal, if the injury it might have caused is corrected in the judgment entry.

7. *A charge which postulates all the facts, leaves no room for the application of the doctrine of burden of proof.*—A charge which postulates all the facts which if found by the jury to be true, leaves nothing to be ascertained by them, and therefore, no room for the application of the doctrine of the burden of proof, is not erroneous, although it in terms misplaces the burden of proof.

8. *A charge on express contract when erroneous in ignoring implied contract.*—A charge asked by a defendant that in order to make a contract the minds of the parties must meet on all material parts of the proposed agreement, is properly refused as excluding the possiblity of an implied contract, when the jury might, under the evidence, find an implied contract.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

J. K. English and M. F. Webb, suing as partners, commenced an action in the justice court which was afterwards taken to the city court, against George L.

18

Anderson, and G. L. Anderson & Co., limited. The suit was to recover the value of certain lumber, alleged to have been sold by plaintiffs to defendants, under a contract which was changed by the parties after it was made. There was a dispute as to the terms of the contract—two witnesses on each side testifying to the version of the respective parties. There was a memorandum made by one of the plaintiffs from the original entries of the quantity of lumber claimed by the plaintiffs to have been delivered. Each party to the suit asked several written charges. Charge No. 1, asked by plaintiff asserted that the burden was on the party asserting a change of contract, to establish it by proof. Charge No. 2 was as follows:. "If the jury find that the contract between the parties was silent as to what portion of the lumber delivered was to be paid for, and that after plaintiff offered to deliver or began to deliver it as claimed by the defendants, that it was then agreed that only such lumber as was used in the building should be paid for, the burden of proof as to such new agreement is on the defendants." Charge No. 1 asked by defendants, asserted that the plaintiffs were not entitled to any lien. This was refused, but the judgment entry was corrected so that no injury was done the defendant by the refusal, by giving the lien to an amount for which plaintiffs were clearly entitled to a lien. Charge No. 2 of defendant asserted that to make a contract the minds of the contracting parties must meet on every material part of the proposed agreement; and that if such was not the case in this instance the jury will find there was no contract. There were tendencies of the evidence from which the jury could have found an implied contract. Judgment for plaintiff; appeal by defendants, and errors assigned on the rulings of the court herein mentioned.

ALEX T. LONDON and JOHN LONDON, for appellants, contended, that the memorandum used by the witness was incompetent either as independent evidence or to refresh the recollection, because the witness could not know the entries were true; because he stated after looking at the memorandum that his memory was not

[Anderson *et al* v. English & Webb.]

refreshed; because the absence of the original was not accounted for; and because there was no proof that it was a correct copy; citing the following authorities: 1 Phillips Ev., p. 428; *Calloway v. Varner*, 77 Ala. 542; *Jaques v. Horton*, 76 Ala. 243; *Strendemire v. Harper*, 81 Ala. 245; Bradner on Ev., p. 340; *Mayor and Aldermen of Birmingham v. McPoland*, 96 Ala. 363.

2. A new trial should have been granted.—16 Am. & Eng. Ency., 60; *Chicago &c. R. R. v. Stumps*, 55 Ill. 367; *Cobb v. Malone*, 92 Ala. 630; *Davis v. Miller*, 109 Ala. 600.

BENNERS & BENNERS, *contra.*—If a witness knows a memorandum to be correct, he may use it to refresh his memory, although he did not make it.—*Calloway v. Varner*, 77 Ala. 544; Thompson on Trials, Vol. I, Sec. 398; Ency. Pl. and Prac., Vol. 8, § 138.

TYSON, J.—The trial judge did not permit the memorandum made by one of the plaintiffs from the original entries to be introduced in evidence. He only permitted each of the plaintiffs, who testified as witnesses, to use this memorandum in refreshing their recollections of the quantity of lumber claimed by them to have been delivered to the defendants. Each of them testified that they were present when all the lumber claimed to have been delivered was hauled and each had a personal supervision of "each load" delivered. That the original entries showing the quantity of lumber in feet was entered at the time of the delivery, and were made by each of the witnesses in the presence of each other, and each knew them all to be correct. That the memorandum used by them was a correct copy of the original entries and each knew it to be correct. Each testified that they knew the quantity of lumber, as shown by the memorandum, had been delivered to defendant. There was no error in the ruling of the court in allowing the witnesses to use the memorandum for the purpose of refreshing their recollection.—*Aclen's Admr v. Hickman*, 63 Ala. 494; *Calloway v. Varner*, 77 Ala. 541, and authorities there cited.

[Anderson *et al.* v. English & Webb.]

It may be regarded as a settled rule of law in this State that this court will not reverse the decision of the trial court, refusing to grant a new trial on the ground that the verdict of the jury was contrary to the evidence, unless after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided, as to clearly convince the court, that it was wrong and unjust.—*Cobb v. Malone,* 92 Ala. 630, and authorities there cited.; *Terst Sons & Co. v. O'Neal,* 108 Ala. 250; *Davis v. Miller,* 109 Ala. 589.

The matter of serious dispute, stating it succinctly, upon the trial, between the parties litigant was as to what were the terms of the contract under which the plaintiffs sold and the defendants purchased the lumber; the subject matter forming the basis of values upon which the plaintiffs predicated their rights of recovery. The plaintiffs' contention was that by the contract of sale, the defendants were to use so much of the lumber delivered and to be delivered upon defendants' lot by them as they, defendants, needed in the construction of their building, paying them therefor at the rate of six dollars per thousand, and the remainder they were to return to them. This contention was made out by their testimony if believed by the jury.

The defendants' contention was, that they only purchased lumber from plaintiffs to construct their building, and that if there was any lumber on the yard (their lot) belonging to the plaintiffs, unused, after they completed their building, they were to haul it away and make sale of it. And their contention was supported by their testimony and one other witness.

So practically, resolved to the last analysis, we are presented with the question as to whether this court will reverse the rulings of the trial court for refusing to disurb the verdict of the jury when the contest over the main issue is supported by the testimony of two witnesses upon each side. To do so would clearly violate the rule above stated as governing this court in the revision of the decisions of the trial courts in refusing new trials.

[Anderson *et al.* v. English & Webb.]

The only other assignments of error insisted upon in argument relate to the giving of written charges requested by the plaintiffs and the refusal to give two charges requested by the defendants.

Charge number 1 given at the request of plaintiffs was abstract, but asserts a correct proposition of law. The giving of it was not a reversible error.—*Schaungut's Am'r. v. Udell*, 93 Ala. 302; *Payne v. Crawford*, 102 Ala. 387.

Charge No. 2, given at the request of plaintiffs, in my opinion, misplaced the burden of proof. In the count of the complaint seeking to fix a material-man's lien for the lumber which the plaintiffs furnished to defendants, it is averred that the lumber furnished by plaintiffs was used by defendants in the construction of their building under their contract of purchase. Certainly they were bound to prove the existence of such contract and had to establish the liability of the defendants to them for all lumber sold to them under it as well as all furnished outside of it.

Under the terms of the contract as insisted upon by plaintiffs the burden was upon them, not only to prove to the reasonable satisfaction of the jury, the quantity and value of the lumber used by defendants in the building, but the quantity and value of the remainder they were to return to them.

The evidence disclosing a special contract under which the greater portion of the lumber was sold by plaintiffs to defendants, the *onus* was upon the plaintiffs to prove every term of the contract by which the liability of the defendant became fixed. This is true, notwithstanding the complaint contains only the common counts alleging such indebtedness.—*Ala. & Tenn. Rivers Railroad Co. v. Nabors & Gregory*, 37 Ala. 489; *Snedicor v. Leachman*, 10 Ala. 330.

Charges 3 and 4 given at the request of plaintiffs were free from error.

Charge 1 requested by defendant should have been given. But the correction by the court of the judgment relieved the erroneous refusal of it of all injury to the defendants.

[Sheldon *pro ami.* v. Birmingham Building & Loan Association.]

I am of the opinion that charge No. 2 requested by defendants should have been given. It asserts the elementary proposition of law, that there must be a meeting of the minds of the plaintiffs and defendants on all material terms of the contract in order that an express contract can exist between them. There could have been no recovery upon an implied contract under the evidence in the cause ,and, therefore, if there was no meeting of the minds of the parties upon every material term of the special contract which was shown without dispute to have existed between the parties, the plaintiffs were not entitled to recover.—*Snedicor v. Leachman, supra.*

A majority of the court are of the opinion that there was no error committed by the trial court with respect to the two charges. They construe charge 2 given for the plaintiffs to postulate all the facts which, if found by the jury to be true, left nothing to be ascertained by them, and, therefore, no room for the application of the doctrine of burden of proof invoked in the last clause.

Charge No. 2 refused to the defendant they think was properly refused, because in asserting that in the absence of *aggregatio mentium* there would be no contract, excludes the possibility of an implied contract.

Affirmed.