# Birmingham Ry. L. & P. Co. v. Dennison.

## Injury to Passenger.

(Decided Jan. 30, 1909. 50 South. 316.)

*New Trial; Review; Refusal of Motion.*—It is not sufficient that the verdict is merely against a preponderance of the evidence, but it must be plainly against the weight of the evidence or unsupported by the evidence before a judgment denying a new trial for insufficiency of evidence will be set aside on appeal.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Charles H. Dennison against the Birmingham Railway, Light & Power Company, for damages for injury to him while a passenger. There was judgment for plaintiff, and defendant entered a motion for a new trial, which motion being overruled defendant appealed. Affirmed.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. —The preponderance of the evidence after allowing all reasonable presumption of the correctness of the action

of the trial court is so decided as to clearly convince this court that it is wrong and unjust.—*People's Co. v. Keith*, 136 Ala. 469; *A. G. S. v. Powers*, 73 Ala. 244; *Shepherd v. Dowling*, 103 Ala. 563; *White v. Black*, 95 Ala. 147.

FRANK S. WHITE, for appellee.—The court properly denied the motion for a new trial, and the evidence is not such as to warrant this court in setting the judgment aside.—*Cobb v. Malone*, 92 Ala. 633; *Bir. Ry. L. & P. Co., v. Lindsey*, 140 Ala. 312; *Ala. Mid. Ry. Co. v. Brown*, 129 Ala. 286; *Jones v. Pepper*, 132 Ala. 307; 14 Ency. P. & P. 777; 29 Cyc. 820.

DENSON, J.—This action was brought by the plaintiff to recover damages for a personal injury sustained by him on account of alleged negligence on the part of the defendant in and about carrying the plaintiff as a passenger on one of its electric cars. The cause was twice tried in the circuit court; each trial resulted in a verdict and judgment for the plaintiff. On defendant's motion the first verdict was set aside and a new trial granted. A similar motion made by the defendant after a second trial, was overruled. The defendant appeals, and the only question presented for review is the refusal of the circuit court to set aside the verdict and grant a new trial.

The rules by which this court is to be governed, in reviewing the decision of a trial court granting or refusing to grant a new trial, have been many times declared, beginning with the leading case of *Cobb v. Malone*, 92 Ala. 630, 9 South. 738. It would serve no practical good to review our numerous decisions on the subject. It is sufficient to say that the record has been carefully read and considered, and that "we are not prepared to

say that the verdict of the jury is so plainly against the weight of the evidence," or unsupported by the evidence as to convince us that the circuit court should have granted a new trial. The most that can be said for the defendant in this respect, is that the verdict is against the preponderance of the evidence, and this is not sufficient.—*Cobb v. Malone, supra; White v. Blair,* 95 Ala. 147, 10 South. 257; *Dillard v. Savage,* 98 Ala. 598, 13 South. 214; *Peck v. Karter,* 121 Ala. 636, 25 South. 1012; *Anderson v. English,* 121 Ala. 272, 25 South. 748; *Davis v. Miller,* 109 Ala. 589, 19 South. 699; *Terst v. O'Neal,* 108 Ala. 250, 19 South. 307; *Birmingham, etc., Co. v. Cuzzart,* 133 Ala. 262, 31 South. 979; *Montgomery Traction Co. v. Knabe,* 158 Ala. 458, 48 South. 501.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON, MCCLELLAN, MAYFIELD, and SAYRE, JJ., concur.


