# Central of Georgia Ry. Co. *v.* Brown.

*Action for Injury to Passenger.*

(Decided Feb. 3, 1910.  51 South. 565.)

1. *Carriers; Passengers; Injury; Presumption; Burden of Proof.* Where a passenger's ev'dence showed that his injury resulted probably from some unavoidable cause, or some cause outside of the ordinary supervision and control of the carrier, the rule that proof that a passenger is injured casts on the carrier the burden of showing its freedom from negligence, has no application, and in such a case the burden rests on the passenger to reasonably satisfy the jury that his injury was justly attributed to some negligence of the carrier.

2. *Same.*—Where a passenger is injured by being thrown from the platform of a coach by a lurch of the train no more violent than is commonly inc'dent to their rapid movement. when being operated with due care, the burden is on the passenger to show that his presence on the platform while the train was in motion was due to some negligence on the part of the carrier.

3. *Same; Contributory Negligence; Jury Question.*—Under the evidence in this case it is held to be a question for the jury to decide as to whether or not the p'aintiff was guilty of contributory negligence in being upon the platform.

4. *Same; Negligence.*—Under the evidence it is held that it was a question for the jury as to whether the carrier furnished proper accommodations for the passenger inside of the coach. and thus m^ade it necessary for the passenger to stand on the platform, from which he was thrown and injured by a lurch of the train.

5. *Same; Negligence; Management of Train.*—The act of a conductor in requesting a passenger to stand on the platform because of the crowded condition of the coach is an act done in the management of the train.

[Central of Georgia Ry. Co. v. Brown.]

6. *Same; Complaint; Evidence.*—A count in a complaint alleging negligence generally as to the manner in which the carrier conducted its business as such is broad enough to cover negligence of a conductor in requiring a passenger to leave a coach and stand on the platform, especially in the absence of allegations of specific negligence of a different sort.

7. *Same; Issues; Proof; Variance.*—Where the complaint alleges the duty of the carrier to furnish sufficient coaches for the passengers and that it failed to furnish to the passenger a safe place in which to travel, in consequence of which the passenger was in an unsafe place, being on the platform from which he was thrown by the lurch of the train, is supported by evidence that the conductor requested the passenger to leave the coach and stand on the platform because of the crowded condition of the coach; since if it is necessary for the passenger to go on the platform and he goes there under the pressure of that necessity, and in obedience to a request of the conductor, the platform is for the time being the place furnished him.

8. *Appeal and Error; Findings of Trial Court; Conclusiveness.*— Where the verdict is approved by the trial court, it will not be disturbed on appeal unless this court has an abiding conviction that error has been committed.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Miles Brown against the Central of Georgia Railway Company, for damages for injuries received while a passenger. Judgment for plaintiff and defendant appeals. Affirmed.

LONDON & FITTS, for appellant. From the facts in this case the burden was on the plaintiff to prove negligence, and the rule that on proof of injury the burden is cast upon the carrier to acquit itself of negligence, has no application.—*Bir. H. R. R. Co. v. Hails,* 90 Ala. 8; *McDonald v. Mont. St. Ry. Co.,* 110 Ala. 161; *M. & E. R. R. Co. v. Mulett,* 92 Ala. 209; *G. P. Ry. Co. v. Love,* 6 Cyc. 629-631-2. No presumption of negligence is indulged from the fact that the car lurched if it appeared that it was operated with due care.—*Byron v. Lynn,* 127 Mass. 303; *Chicago R. R. Co. v. Morse,* 64 N. E. 304. It follows that the affirmative charge should have been given as to the first and second counts. The

[Central of Georgia Ry. Co. v. Brown.]

fact that the car was crowded and that no seat was available for plaintiff will not be construed as the equivalent of the requirement that he go upon the platform. — 34 L. R. A. 131; 15 L. R. A. 226; 117 Fed. 127. Counsel discuss motion for a new trial, but without citation of authority.

ALLEN & BELL, for appellee. The court properly submitted the question involved under the first count to the determination of the jury.—*Wurle v. L. I. R. R. Co.*, 98 N. Y. 650. This is also true as to the second count. The court did not err in refusing to defendant the general affirmative charge.—*Holmes v. Bir. South.*, 140 Ala. 209; *McCormack H. M. Co. v. Lowe*, 44 South. 47.

SAYRE, J.—Plaintiff sued as a passenger. The case was tried on the general issue, there being no plea of contributory negligence. Plaintiff was standing upon the platform of the moving train, and, according to his version of what happened, he had just released his hold upon the railing, and turned to go into the door, when a lurch of the car as it moved around a curve caused him to fall to the ground, with the result that he received the injuries complained of. It does not appear that there was anything out of the ordinary in the operation of the train, or that it was operated in a way which could have caused injury to a passenger not exposed to danger by being on the platform as was the plaintiff.

Not in every case of injury to a passenger does a presumption of negligence on the part of the carrier arise from the happening of the injury. In *Georgia Pacific v. Love*, 91 Ala. 432, 8 South. 714, 24 Am. St. Rep. 927, this court, limiting the application of certain expressions used *in Louisville & Nashville v. Jones*, 83 Ala.

376, 3 South. 902, said, quoting the language of the Supreme Court of Missouri in *Dougherty v. Missouri Railroad*, 81 Mo. 325, 51 Am. Rep. 239, "that where the vehicle or conveyance is shown to be under the control or management of the carrier or his servants, 'and the accident is such as, under an ordinary course of things, does not happen if those who have the management use proper care,' it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care." It is sometimes stated that the fact that a passenger is injured on a carrier's train raises the presumption of negligence and casts upon it the burden of showing that it was not guilty of negligence. But it is evident that there are cases in which that broad statement cannot be made, for example, a case in which the plaintiff's evidence shows his injury to have resulted probably from some unavoidable cause—some cause outside the ordinary supervision and control of the carrier. In such case it would be too broad a statement of the rule to say that a presumption of negligence arises from the happening of accident and injury to a passenger, and in such case the burden must rest upon the plaintiff, in consonance with the universal rule of judicial procedure, to reasonably satisfy the jury that his injury is justly attributable to negligence on the part of the carrier.—Elliott on Railroads, § 1644. This limitation upon the broad doctrine occasionally stated was recognized by this court in *Montgomery & Eufaula Ry. Co. v. Mallette*, 92 Ala. 209, 9 South. 363, also.

Assuming, for the argument, that plaintiff received his injuries by being thrown from the platform of the train by a lurch or jerk no more violent than the lurching or jerking of trains commonly known to be a necessary incident to their rapid movement when operated

with due care, as was the case which his evidence
tended to show, and as was the case according to appel-
lant's contention, an application of the principle stated
above to the issue made by the pleadings and the evi-
dence leads to the conclusion that the burden rested
upon the plaintiff to reasonably satisfy the jury that
his presence upon the platform while the train was in
motion was due to negligence on the part of the defend-
ant.  From the evidence touching this point of the case
the jury was authorized to find that the plaintiff got
upon the train at Birmingham for the purpose of being
carried to Columbus, Ga.  The plaintiff was a negro,
and the car into which he might lawfully go was a par-
titioned car, one-half of which was set apart for people
of his race.  All the seats were occupied, and the aisle
was filled to its capacity with passengers standing.
Plaintiff, with others, was standing near the door.  At
one stop—possibly at another, also—before reaching
Henry Ellen, near which station plaintiff received his
injuries, the conductor said to the men standing near
the door that they were to give passengers room to get
on and off at stations.  At Henry Ellen plaintiff went
out upon the platform.  Passengers got on and off.
Very soon after the train had moved away from the
station, and just as plaintiff released his hold upon the
railing and started to re-enter the door of the car, im-
peded somewhat by another, who had also got upon the
platform, and who preceded plaintiff in passing through
the door, the train struck a curve in the track, which
had the effect to throw plaintiff from the platform.
Whether, under the circumstances detailed, the plaintiff
was at fault in his interpretation of the conductor's
command, and in going upon the platform, or whether
his presence there was to be referred to the failure of
the defendant company to furnish proper and safe ac-

commodation for him inside of the car, was in our judgment a question for the decision of the jury.

The first and second of the counts submitted to the jury, alleging negligence generally as to the manner in which the defendant conducted its business as a carrier —a method of allegation approved by a long line of cases in this state—it seems to be conceded, are broad enough to cover negligence of the defendant's conductor in requiring plaintiff to leave the coach and stand upon the platform; nor were there in these counts allegations of specific negligence of a different sort to exclude proof of negligence of the particular character just referred to. The court, with the consent of the plaintiff, charged the jury as follows: "I charge you that the burden of proof is on the plaintiff to establish to your reasonable satisfaction that he was thrown or fell from the train of the defendant by reason of the negligent manner in which the train was handled or managed; and, unless he has so reasonably satisfied you by the evidence, your verdict must be for the defendant." Appellant construes this charge to have meant that the negligence of the conductor, assuming that the jury found there was such negligence, in requiring the plaintiff to go upon the platform, was not negligence in the handling or management of the train, and the effect of its contention is that a consistent ruling on the part of the trial court would have resulted in the general affirmative charge for the defendant as to counts 1 and 2. But we think the appellant misconstrues the charge, and that its argument looks rather more critically at the complaint than a practical administration of justice can be made to tolerate. Appellant was operating its train for the transportation of plaintiff as a passenger. If, in the course of doing that, it negligently caused plaintiff to take a place on the train where he

was exposed to danger from the operation of the train in a way which, apart from plaintiff's danger thus brought about, would have been customary and free from negligence, and by reason thereof he was thrown or caused to fall from the train, it would require unusual and unuseful refinement for us to say that the cause of his injury was not the management of the train. So far as plaintiff was concerned, the train was managed when plaintiff was required to go upon the platform. Doubtless the conductor had in mind that he was managing at that time the train and the plaintiff, too, and so he was.

Count 3 of the complaint, to state its effect briefly, alleges the duty on the part of defendant to furnish sufficient cars for the transportation of the passengers it undertook to carry, and complains that defendant failed to furnish to him, its passenger, a safe place in which to travel, with the result that plaintiff was caused by its negligent conduct in that regard to be in an unsafe place, to wit, on the platform. The insistence for appellant is that the negligence here counted on is predicated entirely of the defendant's failure to furnish a safe place in which to travel; whereas the negligence shown, if any, was the negligence of the conductor in requiring the plaintiff to surrender the safe place he had inside the coach and to occupy an unsafe place. In short, the argument is that there was a variance between allegation and proof. But this argument hardly meets the merits of the case. It assumes, without sufficient warrant, not only that the inside of the car, where plaintiff was able to stand, was, under the conditions obtaining, a safe place, for the sole reason that plaintiff was not, while so standing, liable to the particular peril of being thrown from the car, but that, if plaintiff, under the pressure of an overcrowded car and an order from the conductor, took his place upon the

platform, it cannot be said that the carrier furnished the platform as a place on which to travel. But the fact is that defendant assumed to furnish suitable and safe accommodation to as many passengers as it undertook to carry. Accommodation was furnished to each passenger in contemplation of the right of every other passenger to the use of the aisle of the car for all necessary and proper purposes, and especially the purpose of getting on and off the train. We have no difficulty in reaching the conclusion that, if plaintiff was furnished only such a place in a crowded car as that a due regard for the rights of other passengers made it necessary for him to go upon the platform, and he went there under the pressure of that necessity and in obedience to the command of the conductor, the platform was for the time the place furnished to him for his transportation. On the facts hypothesized it was the fault of the carrier that the passenger was on the platform—an unsafe place—when he was injured. The jury might have referred plaintiff's injury to the failure to furnish sufficient cars and a safe place within which to travel, or to the negligence of the conductor in ordering him to go upon the platform. It might well have been that either default in duty was adequate to account for plaintiff's hurt, though both may have contributed to the result. The conductor's command may have constituted negligence, and may at the same time have been evidential of a faulty status which gave occasion to it.

We need not discuss the evidence pro and con in response to appellant's contention that the trial court ought to have granted its motion for a new trial. The principles controlling the cause in this respect were so well settled in *Cobb v. Malone,* 92 Ala. 633, 9 South. 738, and that case has been so often quoted and followed, as to leave no occasion for further statement. It is to be conceded that appellant's evidence to estab-

lish a version of the concurrence under examination which would relieve it of all responsibility in the premises was such that, if the trial court had seen fit to set aside the verdict, we would not feel justified in interfering; but a proper and necessary adherence to the law of appellate procedure declared for such cases, as well as an appreciation of the disadvantages under which this court labors when it undertakes to review the finding of a jury, and the weight which must be accorded to the judgment of a trial judge exercising his power to the end that justice may be done, leave us without that abiding conviction of error which alone would justify us in reversing the ruling of the court below.

What has been said will suffice to disclose our opinion that the judgment of the court below should be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN. JJ., concur.