# Nashville, Chattanooga & St. Louis Railway v. Crosby.

## Passenger Action.

(Decided October 14, 1915.   Rehearing denied November 18, 1913.
70 South. 7.)

1. *Carriers; Passengers; Status.*—Where a person purchased a ticket of the railroad agent, and was waiting at the depot for the arrival of the train upon which she was to take passage, which depot was the place provided by defendant for the accommodation of its passengers, plaintiff was a passenger while so waiting.

2. *Same; Duty to Protect.*—The duty of the common carrier of passengers is to exercise the highest degree of skill and diligence in conserving the passenger's safety, and to render his journey safe from harm or insult, and for negligence in the discharge of such duty, proximately resulting in injury or insult to the passenger, the carrier is liable.

3. *Trial; Directing Verdict.*—The jury are the judges of the sufficiency of the evidence and of the conflicting theories it tends to establish; hence, the verdict should not be directed where the evidence is conflicting as to any material issue, or when the evidence is circumstantial, or when a material fact rests in inference solely.

4. *Carrier; Passenger; Duty to Protect.*—The evidence examined and held sufficient to sustain the jury's findings that the unlawful search of plaintiff's person was proximately caused or contributed to by the direction of the agent of defendant given to a third person.

5. *Evidence; Weight, Etc.*—The appearance of candor or evasion, interest or disinterestedness, assurance or uncertainty, of the witness and the degree of intelligence or familiarity manifested by him, are matters for the consideration of the jury in determining the weight to be accorded oral testimony.

6. *Carriers; Passengers; Injury; Evidence.*—Where the suit was for injuries sustained by plaintiff when searched on the depot premises of defendant for a watch alleged to have been stolen by plaintiff, and on direct examination a witness for defendant gave evidence

[Nashville, Chattanooga & St. Louis Railway v. Crosby.]

tending to show that plaintiff was the only one who had had an opportunity to steal the watch, plaintiff had the right on cross-examination to elicit testimony tending to show that her presence at the place had not been to steal, but had been for a commendable purpose.

7. *Evidence; Opinion; Physician's Testimony.*—A physician is competent to express an opinion, and hence, it was not error to permit a physician to state his opinion as to whether a certain act had been performed upon plaintiff, he having first described to the jury the physical condition of the plaintiff when he was called upon first to give her medical attention.

8. *Carriers; Passengers; Duty to Protect.*—The duty imposed on railroads to protect passengers against injury or mistreatment at their depots, does not require of the road or its agent that they offer resistance to a known officer of the law acting officially, or inquire into the authority under which such known officer assumes to act.

9. *Same.*—Where the passenger was searched for a stolen watch on the depot premises of defendant, at the instigation and direction of an officer, aided and assisted by a third person, and the station agent did not direct, order, or instigate the search, the fact that the agent knew that the search was about to be made, and that plaintiff appealed to him for protection against the search, together with the fact that he designated a place in the station at which the officer and such third person could make the search, did not render defendant liable for damages occasioned by the search.

10. *New Trial; Grounds.*—General grounds for a new trial cannot be considered on appeal.

11. *Same.*—Where the ground for new trial is based on the insufficiency of the evidence or because the verdict is contrary to the evidence, the action of the court in denying the motion will not be reversed unless, after allowing all reasonable presumption of the correctness of the verdict, the preponderance of the evidence against it is so decided as clearly to convince the court that it is wrong and unjust; nor will a judgment granting a new trial be reversed unless the evidence plainly and palpably supports the verdict.

12. *Evidence; Judicial Notice; Reocrds.*—The Supreme Court judicially knows the contents of its own records.

13. *Trial; Verdict; Excessiveness.*—The facts considered, and it is held that a verdict of $7,500.00 was not so excessive as to indicate passion, prejudice, partiality or corruption on the part of the jury.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Mrs. Dora Crosby against the Nashville, Chattanooga & St. Louis Railway. Judgment for plaintiff, and defendant appeals. Affirmed.

For former appeal in this case, see 183 Ala. 237, 62 South. 889, where the facts and the pleadings are suffi-

ciently set out for a proper understanding of this opinion. There was judgment for plaintiff in the sum of $7,500.

GOODHUE & BRINDLEY, DORTCH, MARTIN & ALLEN, and SPRAGINS & SPEAKE, for appellant.

KNOX, ACKER, DIXON & STERNE, and HOOD & MURPHREE, for appellee.

THOMAS, J.—On the first appeal this court held that the affirmative charge should have been gievn for the defendant on all the counts of the complaint except count 3. In the last trial, from which this appeal is taken, the court below gave the general charge in favor of the defendant on all the counts except count 3. Appellant's counsel insist that count 3 does not state facts sufficient to show that plaintiff was a passenger at the time of the happening of the assault or search complained of. The count is as follows: "The plaintiff claims of the defendant the other and further sum of $20,000 damages, for that heretofore, to wit, on the 1st day of May, 1908, the defendant was a common carrier of passengers from Albertville to Attalla, and that on said day the plaintiff purchased a ticket from the defendant and became and was a passenger from Albertville to Attalla, and that it was the duty of the defendant to protect the plaintiff from insult and injury, both at the hands of its agents and servants and at the hands of third persons; that while the plaintiff was waiting at the depot in the town of Albertville, for the arrival of the train, upon which she might take passage to Attalla, which said depot was the place provided by the defendant for the accommodation of its passengers, and in the presence of divers people, one Whitman, who was then and there the station or depot agent of the defendant, and one R. L. Amos, did

assault and beat the plaintiff and search the plaintiff for a watch, which was alleged to have been stolen, whereby the plaintiff was made sick and sore and was caused to miscarry, and suffered greatly in body and mind, and was greatly humiliated and became and was physically ill for a long time, to wit, from the 1st day of May, 1908, to the bringing of this suit; and the plaintiff avers that she is still sick and suffers greatly in body and mind, by reason of said assault and battery of defendant's said agent and the said Amos. And the plaintiff avers that said assault, battery, and search of the plaintiff was permitted by the defendant and was committed by its said agent and the said R. L. Amos, in violation of its duty to the plaintiff as a passenger of the defendant, all to her damage in the sum of $20,000, as aforesaid."

The grounds of demurrer now insisted upon raise the same questions presented on the former appeal, whether the plaintiff was shown to be a passenger of the defendant at the time of the alleged assault and search, and the duty of the defendant or its agent to provide against or prevent the same. On the former appeal (*N. C. & St. Louis Railway v. Crosby*, 183 Ala. 237, 62 South. 889), this court said: "It is, however, necessary for each count of the complaint, charging that defendant negligently allowed or permitted a stranger to assault and beat or search plaintiff, to allege a state of facts upon which the duty of protection or intervention would arise, viz., a knowledge by the defendant of the intended wrong, or reasonable grounds to anticipate it, in time to prevent or interfere with its execution."

And after reviewing the evidence the opinion concludes as follows: "These considerations lead to the conclusion heretofore stated that, as matter of law on the facts shown, plaintiff was not entitled to recover except upon the third count of the complaint, and only

upon the finding of fact that the agent Whitman direct-
ed, instigated, or in some way affirmatively participated
in the search of plaintiff without her consent."

(1, 2) The facts set out in the complaint constituted
plaintiff a passenger.—*L. & N. R. R. Co. v. Glascow,* 179
Ala. 251, 60 South. 103; *Ala. City G. & A. Ry. Co. v.
Bates,* 149 Ala. 487, 43 South. 98. The trial court com-
mitted no error in overruling the demurrer to the third
count of the complaint.

The duty of the common carrier to exercise the highest
degree of skill and diligence in conserving the safety of
its passengers, and to make the passengers' journey safe
from harm and free from insult, and its responsibility
to the passenger for the slightest negligence on its part
or on that of its agents and servants proximately result-
ing in injury or insult to such passenger, are fully dis-
cussed in many recent decisions of our court.—*N. C. &
St. L. Ry. v. Crosby,* 183 Ala. 237, 62 South. 889; *Sea-
board Air Line Ry. Co. v. Mobley, infra,* 69 South. 614;
*B. R. L. & P. Co. v. Glenn,* 179 Ala. 263, 60 South. 111;
*L. & N. R. R. Co. v. Glascow,* 179 Ala. 251, 60 South. 103;
*Southern Ry. Co. v. Lee,* 167 Ala. 268, 52 South. 648;
*Culberson v. Empire Coal Co.,* 156 Ala. 416, 47 South.
237; *B. R. & E. Co. v. Baird,* 130 Ala. 334, 30 South. 456,
54 L. R. A. 752, 89 Am. St. Rep. 43.

(3) In *Tobler v. Pioneer Mining & Manufacturing Co.,*
166 Ala. 482, 517, 52 South. 86, 98, Mr. Justice Mayfield
said: "If there be any evidence which tends to establish
the plaintiff's cause, it is error for the court to withdraw
the case from the jury or to direct a verdict, because it
is not for the court to judge of the sufficiency of the evi-
dence. But the affirmative charge should not be given
when the evidence is conflicting as to any material ques-
tion necessary for the verdict, or when the evidence is
circumstantial, or when a material fact rests wholly in

inference; but it may be given, and should on request be given, whenever the court would sustain a demurrer to the evidence interposed by the party requesting the instruction."—*Cent. R. & B. Co. v. Roquemore,* 96 Ala. 236, 11 South. 475; *Freman v. Scurlock,* 27 Ala. 411; *Carter, et al. v. Odom, Sr.,* 121 Ala. 162, 25 South. 774; *Scales v. C. I. & C. Co.,* 173 Ala. 639, 55 South. 821.

This clearly states the long-established rule of law declaring when the affirmative charge should not be given.

In *Amerson v. Corona Coal & Iron Co., infra,* 69 South. 601, this court said: "If there be any evidence which tends to establish the plaintiff's cause, the court should not withdraw the case from the jury, or direct a verdict. It is not for the court to judge of the sufficiency of the evidence, or to decide which of conflicting tendencies of the evidence should be adopted by the jury."—*McCormack Harvesting Machine Co. v. Lowe,* 151 Ala. 313, 44 South. 47; *Shipp, et al. v. Shelton, infra,* 69 South. 102.

It is unnecessary to rehearse the evidence in this case. It is sufficient to say the court should have overruled a demurrer to the evidence had one been interposed by the defendant, for there was evidence tending to establish the plaintiff's cause. The jury were the judges of the sufficiency of the evidence, and of which of the conflicting theories the evidence tended to establish.

(4) The evidence was sufficient to sustain the finding of the jury that the assault upon, and unlawful search of, the plaintiff, was proximately caused or contributed to by the defendant's agent's (Whitman's) direction to Amos, "Bob, take her in the freightroom and search her." This language was susceptible of the interpretation due the words in their ordinary import; that it was an express instruction by defendant's agent to Mr. Amos to search the plaintiff. It was for the jury, in the light

of all the surrounding circumstances, to determine the meaning of the statement in question.

(5) This court has not all the advantages enjoyed by the jury for determining a controverted fact. Much depends on the demeanor of the witness. The appearance of candor or of evasion, of interest or of disinterestedness, of assurance or of uncertainty, and the degree of intelligence or familiarity manifested, are matters for the consideration of the jury, in determining the weight which should be accorded to oral testimony.—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738; *Southern Ry. v. Morgan,* 178 Ala. 590, 59 South. 432; *Sherrod v. Enterprise Banking Co.,* 160 Ala. 329, 49 South. 779; *Montgomery Traction Co. v. Knabe,* 158 Ala. 458, 48 South. 501; *Karter v. Peck & Bros.,* 121 Ala. 636, 25 South. 1012; *Briel v. Exch. Nat. Bank,* 180 Ala. 576, 61 South. 277; *C. of Ga. Ry. Co. v. Brown,* 165 Ala. 493, 51 South. 565. If no other than the plaintiff had testified to the instruction by Whitman to Amos, "Take her in the freightroom and search her," the evidence would have been sufficient to submit the controverted fact to the jury. Charges C, H, and I, were properly refused. Charge B was properly refused because unintelligible.

(6) There is nothing in defendant's objection to the questions and answers of Mrs. Sims on cross-examination. On her direct examination she had testified: "Mr. Amos stated to Mrs. Crosby, 'They have missed a watch where you waited on a lady that was hurt in the cyclone. There had been nobody there but you, and they just suspect you of having the watch.'"

In response to this testimony by defendant's witness, the plaintiff on cross-examination asked questions tending to show how Mrs. Crosby came to the house of Mrs. Sims, and how long she remained, and what she was doing there. The testimony on this point, on the part of

the defendant tended to show that the plaintiff was the only one who had had an opportunity to steal the watch, and the testimony on cross-examination tended to show that her presence in the home was with a commendable purpose.

(7) There was no error in permitting the witness Dr. Sellers to answer the question propounded by plaintiff. He had described to the jury the physical condition of the plaintiff when he was called to give her professional attention. A physician is competent to express an opinion. The question of an abortion was clearly an issue in the case, as a fact tending to show the extent of plaintiff's injuries, and defendant's objection that the testimony called for was incompetent, immaterial, and irrelevant, was untenable.

Appellant assigns, as error, excepted-to portions of the oral charge, in which the court instructed the jury that, if they were reasonably satisfied from the evidence that Whitman ordered or directed the search to be made, then whatever Amos or Mrs. Sims did, in making the search, was chargeable to the agent, Whitman. When the oral charge is considered as a whole, it cannot be said that the effect of the portions excepted to took away from the jury the determination of the fact whether the words spoken by Whitman to Amos proximately resulted in the search by Amos of the plaintiff.

Charges which pretermit a fact shown by the evidence are properly refused.—*Shahan v. A. G. S. R. R. Co.,* 115 Ala. 181, 22 South. 449, 67 Am. St. Rep. 20; *N. C. & St. L. Ry. v. Yarbrough, infra,* 69 South. 582.

(8, 9) The gravamen of the complaint, which was supported by the evidence, was that plaintiff was taken by direction or order of defendant's agent from the waiting room at one of its railroad stations, to another department thereof, for search; that both Amos, and Mrs. Sims,

who was with Amos actively participated in the search; and that Mrs. Sims was acting under the direction of Mr. Amos in making the search. Under refused charges A, E, F, and J, requested in writing by the defendant, the station agent may have ordered the search and "allowed Amos the use of the room in the depot" as a place for the search of the plaintiff, and yet the defendant would not be liable for the active conduct of its agent in permitting or bringing on the assault or search of the plaintiff. These charges were properly refused. The jury were, however, instructed, in given charge 6, that the duty imposed on railroads to protect their passengers against search or arrest at their stations by a known officer of the law does not require the railroad or its agents to offer resistance to the officer nor to inquire into the authority under which such known officer is assumed to act; and were instructed, in given charge 7, that: "If the jury find that the search was made at the instigation and direction of Bob Amos, aided and assisted by Mrs. Sims, and that Whitman did not direct, order, or instigate the search, then the fact, if it be a fact, that Whitman knew that the search was about to be made, and the fact, if it be a fact, that the plaintiff appealed to him for protection against the search, together with the fact, if it be a fact, that Whitman designated a place at which Amos, and Mrs. Sims acting under him, could search the plaintiff, would not render the defendant liable, and, if the jury find the facts to be as above hypothesized, the verdict of the jury should be for the defendant."

These given charges clearly define the issues to the jury, and embrace the matter sought to be improperly given them in refusing charges A, E, and J.

There was no error in refusing charge G. The statement of the law sought to be given to the jury in refused

charge G was properly stated to them in defendant's given charges 7, 8, 10, and 13.

(10) Coming to the motion for a new trial, we will consider only the first, third, and seventh grounds thereof, that the verdict was contrary to the evidence, and that it was excessive. The second, fourth, fifth, sixth, and eighth grounds cannot be considered because of their generality.—*Moneagle & Co. v. Livingston*, 150 Ala. 562, 43 South. 840; *Southern Ry. Co. v. Kirsch*, 150 Ala. 659, 43 South. 796; *Cobb v. Malone*, 92 Ala. 630, 9 South. 738; *Williams v. Coosa Mfg. Co.*, 138 Ala. 673, 33 South. 1015; *Ashford v. Ashford*, 136 Ala. 631, 34 South. 10, 96 Am. St. Rep. 82; *Ala., Midland Ry. Co. v. Brown*, 129 Ala. 282, 29 South. 548.

(11) In *Cobb v. Malone, supra,* the rule governing appellate courts in granting or refusing new trials is clearly stated. Mr. Justice Clopton (92 Ala. 633, 634, 635, 9 South. 739) says: "The power to set aside verdicts has been generally regarded in this country as inherent in courts organized upon the principles of common law, though in some states it is regulated by statute, enumerating the grounds upon which a motion for a new trial may be made. The power is essential to prevent irreparable injustice in cases where a verdict wholly wrong is the result of inadvertence, forgetfulness, or intentional or capricious disregard of the testimony, or of bias or prejudice, on the part of juries, which sometimes occurs. But, in exercising the power, the court should be careful not to infringe the right of trial by jury, and should bear in mind that it is their exclusive province to determine the credibility of witnesses, to weigh the testimony, and find the facts. Being selected for their impartiality and qualifications to judge facts, and unanimity of opinion and conclusion being required, their verdicts are presumed to be correct. It has been said that

no ground of new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the evidence.—Hilliard on New Trials, 339. The power should be exercised, only, when it affirmatively appears that the substantial ends of justice require the examination of the facts by another jury. If these be the principles by which the trial court should be governed, they apply with much more force to the exercise of the power by an appellate court. When the presiding judge refuses to grant a new trial, the presumption in favor of the correctness of the verdict is thereby strengthened. He is selected because of his legal learning, sound judgment, and the confidence of the public in his impartiality, and the courage of his convictions of right and justice. He has heard and seen the witnesses testify, observed their tone and demeanor, and noticed their candor, or convenient failure of memory, to avoid impeachment, or for other improper purpose. The appellate court, possessing none of these aids and advantages, and receiving the evidence on paper only, is less qualified to determine what evidence is unworthy of belief, or what weight should be given to that which has been rejected by the jury, and may give undue weight to the testimony of some of the witnesses. * * * When there is no evidence to support the verdict, it is clearly the duty of the court to grant a new trial; no court, possessed of a proper sense of justice, and a due regard for a fair and impartial administration of the law, can afford to allow such a verdict to stand. But when there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond with the opinion of the court, as to the weight of the testimony, or because it is against the mere preponderance of the evidence. Comparing the analogous rules above stated, and the rules established by other appellate

[Nashville, Chattanooga & St. Louis Railway v. Crosby.]

courts, we deduce therefrom, and lay down as rules for the guidance of this court, that the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."

In *Birmingham Railway, Light & Power Co. v. Dennison,* 163 Ala. 46, 50 South. 316, the case of *Cobb v. Malone, supra,* was cited, and the court said: " 'We are not prepared to say that the verdict of the jury is so plainly against the weight of the evidence,' or unsupported by the evidence, as to convince us that the circuit court should have granted a new trial. The most that can be said for the defendant, in this respect, is that the verdict is against the preponderance of the evidence, and this is not sufficient."

It is the settled law of this state that the refusal to grant a new trial because of the insufficiency of the evidence or because the verdict was contrary to the evidence will not be reversed, unless, after allowing all reasonable presumption of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust; nor will the judgment granting new trial be reversed unless the evidence plainly and palpably supports the verdict which is set aside.—*Briel v. Exch. Nat. Bank,* 180 Ala. 576, 61 South. 277; *Rentz v. Bridges, et al.,* 177 Ala. 616, 59 South. 63; *Sou. Ry. Co. v. Caro. Port. Cem. Co.,* 171 Ala. 427, 55 South. 134; *Cent. of Ga. Ry. Co. v. Brown,* 165 Ala. 493, 51 South. 565; *Montg. Trac. Co. v. Knabe,* 158 Ala. 458, 467, 48 South. 501; *B. R. L. & P. Co. v. Taylor,* 152 Ala. 105, 110, 44 South. 580;

*B'ham. Sou. Ry. Co. v. Cuzzart,* 133 Ala. 262, 31 South. 979; *Anderson, et al. v. English, et al.,* 121 Ala. 272, 25 South. 748; *Davis v. Miller,* 109 Ala. 589, 19 South. 699; *Terst v. O'Neal,* 108 Ala. 250, 19 South. 307; *Dillard v. Savage,* 98 Ala. 598, 13 South. 514; *City of Mobile v. Murphree,* 96 Ala. 141, 11 South. 201; *Cobb v. Malone,* 92 Ala. 630, 9 South. 738.

What we have said as to the giving of the affirmative charge for the defendant is applicable to the ruling of the court on the motion for a new trial. It undoubtedly appears from the record that there was sharp conflict as to what the agent, Whitman, actually said to Amos, and as to the meaning of the words spoken by him. The jury concluded from the evidence that plaintiff's contention was correct, and that Whitman's words amounted to a direction to Amos to take the plaintiff in the freight-room and search her, and that this statement proximately resulted in, or proximately contributed to, the assault and search of plaintiff, for which the suit was brought. Had the court given the affirmative charge at the request of the defendant, or set aside the verdict of the jury because contrary to the evidence, it would have been an invasion of the province of the jury.

Whether the words of Whitman amounted to a direction to search plaintiff, or to an instigation of, or an affirmative participation in, the search, was clearly a question for the jury.

(12) This court judicially knows the contents of its own records. This is the second trial of the facts of the case, and two juries have found for the plaintiff on substantially the same evidence; the two verdicts being in substantially the same sum. The trial court, after seeing and hearing the witnesses testify, and after considering the weight of the testimony, overruled defendant's motion for a new trial.

[Nashville, Chattanooga & St. Louis Railway v. Crosby.]

In Sutherland on Damages, vol. 4, § 1256, the rule is stated that: "If there have been two or more trials of an action and the evidence has not been materially different as to the extent of the plaintiff's injuries, a large discrepancy between the final and the previous awards will authorize the reversal of a judgment for an amount greatly in excess of that first awarded. But the application of this rule depends upon the fact that the evidence is susbtantially the same on each trial. If two verdicts have been returned in the same action for the same sum, the second will not be disturbed."—*McDonald v. Postal Tel. Co.*, 22 R. I. 131, 46 Atl. 407; *Central of Ga. Ry. Co. v. White*, 175 Ala. 60, 63, 56 South. 574; *Bachelder v. Morgan*, 179 Ala. 339, 355, 60 South. 815, Ann. Cas. 1915D, 888; *Cobb v. Malone, supra.*

In *Central of Georgia Ry. Co. v. White, supra,* it is declared that where the quantum of damages is not susceptible of an exact pecuniary estimate the amount to be allowed rests largely in the discretion of the jury; that trial courts will not set aside a judgment merely because in the opinion of the court it is excessive or inadequate, and, where the trial court has declined to set aside the verdict, the appellate court will not substitute its judgment for that of the trial court and jury, unless the amount is so excessive, or so inadequate, as to indicate prejudice, passion, partiality, or corruption on the part of the jury.—8 Am. & Eng. Enc. (2d Ed.) 628; 4 Suth. Dam., § 1256; *Gilbert v. Burtenshaw*, 1 Cowper, 230; *Whipple v. Cumberland Mfg. Co.*, 2 Story, 661, Fed. Cas. No. 17,516; *National Surety Co. v. Mabry*, 139 Ala. 217, 225, 35 South. 698; *Montgomery Traction Co. v. Knabe*, 158 Ala. 458, 48 South. 501; *Liles v. Montgomery Traction Co.*, 7 Ala. App. 537, 61 South. 480; *Cent. of Ga. Ry. Co. v. Sanders*, 9 Ala. App. 632, 64 South. 190; *Avondale Mills v. Bryant*, 10 Ala. App. 507, 63 South. 932.

In *Whipple v. Cumberland Mfg. Co., supra,* Mr. Justice Story said: "We cannot say that there is any excess in the damages awarded. They may not be precisely what we ourselves should have given, sitting on the jury; but we see no reason to say that they can, in any sense, be treated as excessive, or unreasonable."

In Court of King's Bench, Lord Mansfield said (*Gilbert v. Burtenshaw, supra*):

"There was evidence in support of both counts. Therefore, the whole ground of the application rests on the point of excessive damages. I should be sorry to say that, in cases of personal torts, no new trial should ever be granted for damages, which manifestly show the jury to have been actuated by passion, partiality, or prejudice. But it is not to be done without very strong grounds indeed, and such as carry internal evidence of intemperance in the minds of the jury. It is by no means to be done where the court may feel that if they had been on the jury they would have given less damages, or where they might think the jury themselves would have completely discharged their duty in giving a less sum. Of all the cases left to a jury, none is more emphatically left to their sound discretion than such a case as this; and, unless it appears that the damages are flagrantly outrageous and extravagant, it is difficult for the court to draw the line."

The opinion of Judge Story in the *Whipple Case, supra,* supported the rule declared on this question by Lord Mansfield in the earliest of the English cases that we have been able to find, and it is supported by a long line of authority in the United States.

(13) After a careful consideration of all the evidence, we cannot say that the verdict of the jury in this cause indicated prejudice, passion, partiality, or corruption, or that the preponderance against the verdict is so decided

[Bryan v. Stewart.]

as to clearly convince the court that it is wrong and un-
just.

The judgment of the city court of Gadsden is affirmed.
Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ.,
concur.