WRIGHT v. PAYNE, DIRECTOR GENERAL OF RAILROADS.

[90 South. 248. No. 21945.]

CARRIERS. *Whether ticket agent, causing arrest of passenger, was acting in carrier's business and within scope of employment held for jury.*

 Where, as a result of a controversy over the price of a ticket purchased by a passenger, the agent of a railroad company caused the arrest of the passenger who was waiting on the depot platform for the arrival of a train upon which he intended to take passage, and the testimony as to the acts and conduct of the agent, and the circumstances of the arrest, is conflicting, the question of whether, in causing the arrest, the agent was acting in the master's business and within the scope of his employment is one for the determination of the jury.

APPEAL from circuit court of Alcorn county.

HON. C. P. LONG, Judge.

Action by L. W. Wright against John Barton Payne, Director General of Railroads. Judgment for defendant on a peremptory instruction, and plaintiff appeals. Reversed and remanded.

*Ely B. Mitchell,* for appellant.

*J. M. Boone,* for appellee.

COOK, J., delivered the opinion of the court.

Appellant instituted suit against the Director General of Railroads seeking to recover damages for alleged false arrest and imprisonment. At the conclusion of the testimony for plaintiff the court below sustained a motion to exclude the testimony and grant a peremptory instruction to the jury to find for the defendant, and from the judgment entered plaintiff prosecutes this appeal.

The facts as developed by the testimony offered by appellant are substantially as follows: Appellant went to

the depot of the Southern Railroad Company at Corinth, Miss., and made inquiry of the ticket agent, A. B. Meadows, as to routes and the price of a ticket to Kilgore, Tex. The agent informed him that the price of the ticket was thirteen dollars and sixty-seven cents, and, having secured the desired information, he then left the depot grounds. Later in the day, and shortly before the arrival of the train of the Southern Railroad Company, appellant returned to the depot and requested a ticket to Kilgore, and tendered in payment therefor a twenty-dollar bill, and the ticket agent thereupon delivered to him the ticket and six dollars and thirty-three cents as change. Appellant then went out on the platform in front of the depot to await the arrival of the train upon which he expected to take passage, and a few minutes thereafter the ticket agent came to him and stated that he had made a mistake in the price of the ticket, and demanded three dollars and thirty cents additional money or the return of the ticket. He refused to pay the additional sum demanded or to return the ticket, and the agent then went to the telephone and summoned the sheriff.

When the sheriff arrived on the scene he reported to the ticket agent in the office, and the agent informed him that appellant had beat him out of a ticket, and demanded that he arrest him, and the agent then went with the sheriff to the platform, and pointed appellant out to him. The sheriff went to him and urged him to pay the agent the amount in controversy, but he insisted that he did not know whether a mistake had been made; that he had paid the amount demanded when he purchased the ticket, and refused to pay the additional sum. The agent then went back into his office, and just as the train was approaching the depot he again came to the sheriff, and demanded that he do not permit appellant to board the train, and that he arrest him and lock him up. After the train stopped at the depot, and as appellant was about to board it, the sheriff, without a warrant so to do, arrested him and started with him towards the jail. On the way to the jail, the sheriff searched him, and found concealed on his person

a pistol. Before reaching the jail he offered to pay the sum in controversy, but the sheriff refused to accept it and release him, but informed him that he would hold him to answer a charge of carrying concealed weapons. Appellant was then incarcerated in the county jail, and on the following day he was arraigned on a charge of unlawfully carrying concealed weapons and was acquitted. On the same day A. B. Meadows, the ticket agent, as agent of the Director General, made and filed an affidavit for a writ of replevin to recover possession of the ticket sold to appellant, alleging that the ticket was the property of the Director General, that it was wrongfully detained by appellant, and that the Director General was entitled to the immediate possession thereof. This replevin proceeding appears to have been abandoned, and thereafter appellant proceeded to his destination, using for that purpose the ticket in controversy.

A. B. Meadows, the ticket agent, was introduced by appellant as an adverse witness, and he testified as to his duties as agent, and that the mistake in the price of the ticket occurred by reason of the fact that he omitted to charge the fare from Corinth to Memphis, Tenn.; that when he requested the sheriff to arrest appellant, the sheriff informed him that he could not do so without a warrant; that he then consulted an attorney who was standing near, and was informed by him that it was necessary to have a warrant; that he then endeavored to locate the mayor of the city to secure a warrant; that when he failed to locate the mayor he abandoned the whole matter, and returned to his duties in the office; that he did not know the arrest had been made until some time afterwards; that he was under bond to properly account for all funds belonging to the Director General, and that about the time the train left the yards he took the amount in controversy from his own pocket and paid it into the cash drawer, and thereafter the Director General had no further interest in the matter; that in endeavoring to collect this sum from appellant he was acting solely for himself,

and not for the railroad; that since he was liable under his bond for the sum, he was simply trying to protect himself when he directed the arrest of appellant.

The court below, in an opinion which appears in the record, held that, under the facts in evidence, the act of this agent in causing the arrest was done in pursuance of a private purpose, and that it was not within the scope of his employment, and therefore that the Director General was not liable for the acts and conduct of the agent.

When the appellant went to the depot and purchased a ticket for the purpose of securing passage on a train soon to arrive, the relation of carrier and passenger was established; *Metcalf* v. *Y. & M. V. Railroad Co.*, 97 Miss. 455, 52 So. 355, 28 L. R. A. (N. S.) 311; *Nashville, C. & St. L. Ry.* v. *Crosby*, 194 Ala. 338, 70 So. 7, and the carrier is liable for the act of its agent in wrongfully causing the arrest of the passenger if in so doing its agent was acting in furtherance of the master's business and within the scope of his employment. In the present case the passenger was arrested while he was waiting on the depot platform for the arrival of the train upon which he intended to take passage, and while it is true the agent of the carrier testified that in causing the arrest he was pursuing a private purpose, yet the testimony as to the acts and conduct of this agent, and the circumstances of the arrest, is conflicting, and the conflicts in the testimony, as well as the inferences to be drawn from the acts and conduct of this agent, fall within the province of the jury for determination. Under the testimony in this record, we think the question of whether the agent was acting within the scope of his employment should have been submitted to the jury, and, if in causing the arrest of appellant the agent was acting within the scope of his employment, the defendant is liable for such actual damages as flow from the wrong.

*Reversed and remanded.*