KIMBALL *versus* CITY OF BATH.

Towns, in making necessary repairs upon their streets and side-walks, may interrupt the public travel and obstruct them, without incurring any liability therefor.

But ways undergoing repair, should not be left in the night time, without precautionary means to give travelers warning of their danger.

For accidents, occurring in the night-time on ways thus situated, where no suitable precautionary measures are taken to warn travelers or citizens of the danger, towns are equally liable as when they occur from want of repair.

Of the causes for setting aside a verdict for excessive damages.

ON MOTION to set aside the verdict as against the evidence and weight of evidence, and also against the law. Another reason assigned was, that the damages were excessive.

The plaintiff, an inhabitant of Bath, received an injury, thought to be permanent, while returning to his boarding-house on a dark night, by falling from the side-walk. One of the streets of Bath was in need of repair, and the street

commissioner had necessarily taken up one length of a plank side-walk, which left from 12 to 18 inches break in the level of the side-walk. At this place the injury was received. The jury returned a verdict for plaintiff, assessing the damages a little over $1400.

*Randall & Booker*, for defendants.

1. The road was under repairs. If an accident happen by reason of an obstacle necessarily placed in the way, damages cannot be recovered. *Johnson* v. *Whitefield*, 18 Maine, 286. It cannot be necessary to cite authorities to prove the right of towns to obstruct a road for the purpose of repairs. It will not be contended, that the law requires towns to make repairs, and then punishes them for taking the means necessary to do so.

2. But it is said the town should have given notice of the obstruction. We agree to this proposition, provided the obstruction be a dangerous one, but not otherwise. A bar there would not have been justifiable. A heavy foot travel passed there during the time of repair with perfect safety and a bar there would have blocked up the entire travel of the street. But it may be said lights should have been exhibited; then lights should have been suspended over the whole city. Few of the side-walks there, but are quite as much exposed to accidents as this. The whole annual expenditure of highway money could not put even the side-walks in such repair as this principle requires. The rule, that the kind of travel, and the ability of the town to make fine roads, that exist in large cities, cannot be applied to us and our plank side-walks.

3. But the plaintiff was a citizen and boarded in the immediate vicinity of this place, and knew the condition of the road and side-walk, and is required to use ordinary care. *Moore* v. *Abbott*, 32 Maine, 46 ; *Farrar* v. *Greene*, 32 Maine, 574.

4. The damages are excessive. This is not like a slander case, or like some other cases of tort, where exemplary damages may be required. It is only the actual damages,

and the evidence furnishes the elements by which they may · be computed. There is nothing proved, or attempted to be proved, but an injury to the tendon of the heel. His business was not interrupted, for he proves himself to have been about it the next day after the accident. The evidence shows he was lame before this, and when he received this injury he consulted no surgeon nor employed one, but only an *herb* doctor. The plaintiff appears to have been guilty of gross negligence.

*Gilbert & Tallman,* for plaintiff.

RICE, J. — This is a motion to set aside the verdict on the ground that it was rendered against the evidence and the weight of the evidence in the case, and because the damages were excessive; and also on the ground that the jury was improperly selected and filled up. The objection to the manner of selecting and filling up of the jury we do not, however, understand is relied upon.

As to the weight of the evidence, we do not think the jury erred in the conclusion that the way was defective, at the time and place of the injury. But it is contended that inasmuch as the street was then undergoing repairs, the defendants are not liable.

Towns are not only authorized, but required by law to repair their public ways, including streets and side-walks, so that they may be safe and convenient for those who may have occasion to pass and repass upon them. To do so effectually, it may be necessary to break up and remodel both the bed of the streets and the side-walks, and at such times the public are necessarily subjected to some degree of inconvenience and insecurity. For such necessary interruption of travel and inconvenience to the public, towns are not liable. But while, for the purpose of repairs, they may thus break up and temporarily obstruct the passage over their public ways and side-walks, they are not authorized to leave their streets or side-walks, while undergoing repairs, in such a condition as unnecessarily to expose those who

may pass upon them to inconvenience or danger. At such times, ways should not be left during the night without some temporary railing, or other means of protection, or some beacon to warn passengers against such uncommon danger. By neglecting to adopt such reasonable precautionary measures for the safety of citizens and travelers, towns are equally culpable, and as liable as they are when their ways are permitted to become unsafe from want of repairs. Any other rule would enable negligent or vicious town officers to set pit-falls for the unwary, with impunity.

We think the evidence shows very clearly, that the city authorities did not adopt suitable precautionary measures to protect, during the night time, passengers upon the street where this accident occurred, while repairs were being made.

The damages assessed by the jury may have been greater than the Court would have awarded upon the evidence. But the parties are entitled to the judgment of the jury and not of the Court upon that question, and Courts will not set verdicts aside on the ground that damages are either excessive or inadequate, unless it is apparent that the jury acted under some bias, prejudice or improper influence, or have made some mistake of fact or law; mere difference of judgment is not sufficient. There is nothing in this case to induce the belief that the jury were prejudiced or unduly biased, or that they made any mistake of fact or law. If they have erred in judgment, the error is not so palpable as to authorize the belief that they were controlled by any improper influences.

*Motion overruled.* — *Judgment on the verdict.*

SHEPLEY, C. J., and TENNEY, APPLETON and CUTTING, J. J., concurred.