Opinion by
Willson, J.
§ 651. Excavations in public streets, etc.; liability for injuries caused by; negligence as to; case stated. Appellee recovered judgment against appellant for the value of a mule which had been rendered worthless by an injury received from stepping into a ditch which appellant dug across a public street in the city of Paris. Appellant had authority from the city of Paris to make the excavation in said street for the purpose of laying a gas-pipe therein. The ditch was dug by one Dinwiddie under contract with appellant, and the gas-pipe being laid therein, the ditch was filled with dirt, and the work was accepted by appellant. On the night of the day that the work was finished, and after it had been accepted by the company, a very hard rain fell, which softened the dirt in the ditch. On the next morning after the rain, appellant caused the ditch to be examined, and, to some extent, repaired. On that day appellee’s mule, while being driven along the street harnessed to a ■wagon, stepped into the ditch and received the injury which rendered it valueless.
It is true that a person or corporation who has the consent of the proper public authorities to make excavations along and across public streets and highways, and who exercises such privilege in a manner consistent with the customary use of the way for private purposes, and who observes a degree of care proportioned to the danger, *570 and is consequently chargeable with no fault, cannot he held responsible for accidental injuries, fOooley on Torts, 626.] The measure of care against accident which one must take to avoid responsibility is that which a person of ordinary prudence and caution would use if his own interests were to be affected and the whole risk were his own. [Parrott v. Wells, Fargo & Co. 15 Wall. 524.] A failure to use this degree or measure of care constitutes negligence. [Ante, § 363.] In this case appellee’s right to recover rests upon the negligence of the appellant in relation to the ditch, and the burden of proving such negligence was upon him. [W. & W. Con. Rep. § 414; 1 Whart. Ev. §§ 357, 358.] Whether or not negligence existed was a question of fact to be determined by the jury. [Ante, §§ 67, 486.] And in this case that question was fairly and distinctly submitted to the jury.
§ 652. Verdict will not be disturbed when evidence is conflicting. Bearing upon the issue as to negligence, the evidence was conflicting. Witnesses in behalf of appellee testified that the ditch was not properly filled; that it was left in an unsafe condition; that it was filled with loose dirt, and that horses, in stepping upon it, would sink, etc. Appellant’s witnesses testified that the ditch was entirely filled; that the dirt was packed into it, and that it was left in a §afe condition on the evening it was finished. Upon this conflict of evidence, it was the exclusive province of the jury to pass, and it is not for this court to disturb their verdict, there being sufficient evidence to support it.
§ 653. Liability of the company for injury caused by defective work done by another. The company having accepted the ditch from Dinwiddie, it became directly responsible for any injuries subsequently occurring, and resulting from defects in the work.
§ 654. Negligence; admissible evidence of; danger signals; duty to erect, when. It was not error to admit evidence that appellant had not erected danger signals at the ditch, nor laid planks over the same; nor that other *571 animals, in- crossing said ditch, had sunk into it. Such evidence was relevant to prove negligence on the part of appellant. If the ditch was left by appellant in- an unsafe condition, it was its duty to protect from injury, by some means, persons passing along the street, until the ditch was made safe. [Kimball v. Bath, 38 Me. 219; Ottumwa v. Parks, 43 Iowa, 119; Cooley on Torts, 660; Weld v. Gas-light Co. 1 Stark. 189.]
April 18, 1885.
Affirmed.