# Yolande Coal & Coke Co. *v.* Norwood.

## *Damages for Injury to Property.*

(Decided Jan. 16, 1912. Rehearing denied Feb. 8, 1912.
58 South. 118.)

1. *Action; Trespass; Complaint.*—A complaint alleging that the defendant, its servants or agents while acting within the scope of their employment, negligently caused or allowed one of its coal cars to run against plaintiff's wagon, whereby plaintiff and his horse and wagon were injured, is in case rather than trespass.

2. *Bills of Exception; Presentation; Time.*—Where a judgment was rendered in the Tuscaloosa County Court on December 7, 1909, and motion for new trial was made but not acted on till Sept. 5, 1910, and the bill of exceptions was filed on Oct. 22, 1910, the same was not filed within time to review the action of the court on the trial, and the only matters presented were the acts of the trial court in overruling motion for new trial. (Sec. 3019, Code 1907, controls, and not the act creating the Tuscaloosa County Court.)

3. *Appeal and Error; Exceptions; Necessity for.*—This court will not consider on appeal matters arising on the trial to which no exceptions were reserved, although they were assigned as ground for motion for new trial.

[Yolande Coal & Coke Co. v. Norwood.]

4. *Same*—The striking of a plea on the ground of frivolity will not be reviewed by the Appellate Court in the absence of an exception to the granting of such motion.

5. *Same; Record; Bill of Exception.*—The court will not review on appeal written charges requested unless shown by bill of excep tions that they were in writing and refused.

6. *Same; ˜Discretion of Lower Court; Admission of Evidence.*— Where no objection was taken to the question, a motion to strike the answer for immateriality is addressed to the sound discretion of a trial court, and will not be reviewed unless abuse is shown.

7. *Same; Questions Presented.*—Where the record does not show the motion to exclude the evidence, this court on appeal will not review the action of the trial court on the motion.

8. *Same; Verdict. Conclusiveness.*—A new trial will not be granted merely because the appellate court, sitting as a jury, would have rendered a different verdict from that in fact rendered.

9. *Same; Review; Finding of Court.*—The Appellate Court will not disturb the action of the trial court in refusing to grant a new trial on the ground that the verdict was contrary to evidence, or that it was excessive, unless the evidence against it is so strong that this court can say it was palpably wrong and unjust.

10. *Trial; Re-opening ·Case; Discretion of Court.*—The trial court should reopen the case for the introduction of additional testimony whenever, in its opinion, justice requires it; hence, it was proper for the court to permit the case to be re-opened for the purpose of permitting plaintiff to show that the injuries occurred in the county where the suit was brought.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Action by F. M. Norwood against the Yolande Coal · & Coke Company, for injury to person and property. . Judgment for plaintiff and defendant appeals. Affirmed.

JAMES L. DAVIDSON, and M. T: ORMOND, for appellant. The court erred in overruling demurrer to · count M.—*City D. Co. v. Henry*, 139 Ala. 161; *Mayer Co. v. Thompson*, 104 Ala. 611. The count should have been stricken.—*Ala. C. C. & I. Co. v. Heald*, 45 South. 691. Count M. was in trespass and the defendant was entitled to the affirmative charge.—*City D. Co. v. Henry supra.* If the count was in case the defendant was entitled to the affirmative charge.—*A. G. S. v. McWhorter,*

[Yolande Coal & Coke Co. v. Norwood.]

47 So. 87; *Young v. L. & N.*, 45 South. 238; *N. C. & St. L. v. Harris*, 37 South. 974. .The count erred in permitting plaintiff to introdoce evidence of his right to be where he was when injured.—*L. & N. v. Mitchell*, 32 South. 335; *A. G. S. v. Godfrey*, 47 South. 184. The court erred in opening the case to permit plaintiff to introduce testimony of venue. The court erred in the charges given at the plaintiff's request.—*A. G. S. v. Fulton*, 29 South. 282.

BROWN & WARD, for appellee. The motion for new trial was discontinued, and the bill of exceptions cannot be considered for any purpose.—*St. L. & S. F. v. Brantley*, 53 South. 307. If considered at all, it can be only considered for the purpose of reviewing the action of the court on motion for new trial—*Herzberg v. Riddle*, 54 South. 635. When considered for this purpose only those matters will be considered as grounds for new trial. to which exceptions were specially reserved on the original trial.—*Thomas v. Williams*, 54 South. 494; *Choate v. A. G. S.*, 54 South. 507; *Knuckles v. The State*, 109 Ala. 470. Under these authorities, the 3rd, 4th, 6th, 7th, 9th, 10th, 11th, 12th, 13th, 14th, and 15th grounds cannot be considered. This disposes of all the grounds of the motion for new trial except 5 and 8, and these are eliminated a to all counts except count M, and issue was joined thereon.—*H. A. & B. v. South*, 20 South. 1003. No charges will be considered that are not properly presented by bill of exceptions, although the clerk may have copied them into the record. —*Choate v. A. G. S., supra; Knuckles v. State, supra; So. Ry. Co. v. Lynn*, 29 South. 573. There was no departure, as the count was in case.—*Johnson v. B. R. L. & P. Co.*, 43 South. 33; *Same v. Norris*, 50 South. 198; *Same v. Moore*, 43 South. 941.

DE GRAFFENRIED, J.—The plaintiff, appellee here, sued the defendant, the appellant here, for damages which he alleges he received to his person and his property by reason of the negligence of a servant of the defendant while engaged in the defendant's service, and while acting within the scope of his employment.

There were numerous counts to the complaint; but the court, in charging the jury, eliminated from their consideration all of the counts, except count M, which alleges in substance, that on or about the 10th day of September, 1908, the defendant, its servants or agents, while acting within the scope of their employment, negligently caused or allowed one of its coal cars to run against the plaintiff's wagon, whereby the plaintiff, a horse of plaintiff, and his wagon were damaged. There were numerous pleas, including a plea of the statute of limitation of one year and pleas setting up the plantiff's contributory negligence. There was a jury and a verdict for the plaintiff, and the defendant appeals from the judgment entered pursuant to the verdict.

1. Count M. upon which the case was tried, was not, in any of its aspects, subject to the ground of demurrer which is insisted upon by counsel for appellant in their brief. The language and reasoning of the Supreme Court in the case cited by appellant's counsel in their brief (City Delivery Co. v. Henry, 139 Ala. 161, 34 South. 389) is decisive of the proposition that the count, in each of its aspects, is a count in case, and not in trespass. "If it be granted," says the Supreme Court in the case above cited, "that construing the averments against the pleader, the intendment is that the running against and striking plaintiff was directly caused by the negligent act of the defendant itself, and not that the collision was due to the negligent act of the defendant's servants merely, still the injury, being the result-

ant of *negligence* and not of intentional causation, would be indirect, wanting in the application of force, and consequently within the doctrine which distinguishes case from trespass." In the above case, the averment of the complaint was "that the defendant, by and through its agent or servant, John McClary, negligently caused an ice wagon which was drawn by mules or horses to run against and strike plaintiff," etc. In the present case, the averment in count M is "that the defendant, or its servants or agents, while acting within the scope of their employment, did negligently cause or allow one of its coal cars to run over or against or upon plaintiff's wagons," etc. It is therefore apparent that the court committed no error in overruling the defendant's demurrer to said count

2. This case was tried and judgment rendered on December 7, 1909. A motion for a new trial was made, which does not appear to have been acted upon until the 5th day of September, 1910, and the bill of exceptions appear to have been filed with the clerk of the court on October 27, 1910, and it was approved and signed by the presiding judge on the same day. Section 18 of the act establishing the Tuscaloosa county law and equity court (see Acts 1896-97, p. 270) provides that "appeals may be taken from the judgments, orders, and decrees of said court to the Supreme Court in the same manner, within the same time, and in the same cases as appeals are taken from judgments, orders, or decrees of the circuit court to the Supreme Court." Under the provisions of section 3019 of the Code, a bill of exceptions *must* be presented to the presiding judge for his approval within 90 days from the day on which the judgment is entered, and not afterwards. The bill of exceptions in this case was presented to the presiding judge *more* than 90 days after the rendition of

the judgment, but *within* 90 days after the court had overruled the motion for a new trial. The bill of exceptions, therefore, presents to us for review *only* the action of the trial court in overruling the motion for a new trial.

Several of the rulings of the trial court, *made on the trial*, to which the defendant reserved *no exception,* were assigned as grounds for a new trial. These grounds cannot be considered by us.—*Smith v. Woolf,* 160 Ala. 644, 49 South. 395; M*ontgomery Traction Co. v. Haygood,* 152 Ala. 142, 44 South. 560; *Ala. Midland v. Brown,* 129 Ala. 282, 29 South. 548.

3. None of the written charges requested by the defendant and refused by the court will be considered. They appear in the *record,* but are not set out in the bill of exceptions. To be reviewed, the bill of exceptions must contain such charges, and must show that they were in writing, and that they were refused.—*Nuckols v. State,* 109 Ala. 2, 19 South. 504; *Ala. Con. Co. v. Wagnon Bros.,* 137 Ala. 388, 34 South. 352.

4. The action of a trial court in sustaining a motion to strike a plea, upon the ground that the plea is frivolous, will not be revised by an appellate court when no exception was reserved to the ruling of the trial court when it granted the motion.—*Mahooney v. O'Leary,* 34 Ala. 97; *Lankford v. Green,* 62 Ala. 314. No exception was reserved by the defendant to the action of the trial court in striking plea 10 on the motion of the plaintiff; and the question as to whether the court committed error in striknig said plea is not presented to us for review.

5. No proposition is better settled than that a party will not be permitted to put a court in error for refusing, upon his motion, to exclude the responsive answer of a witness to a question, upon the ground that

the evidence elicited by such question is irrelevant and immaterial, when he permits the question calling for such evidence to be put to the witness without objection on his part. In other words, a party will not be permitted to speculate upon the answers of a witness, to a question put to the witness, without objection on his part, and then, although the answer is responsive to the question, if it is not what he expected or hoped it to be, put the trial court in error, because the court refuses, on his motion, to exclude the answer of the witness on the ground of its immateriality. When a witness is being examined, and a question is put to the witness which calls for irrelevant or immaterial testimony, it is the duty of the party against whom such testimony is being offered to object to the question. If he fails to do so, and the answer of the witness to such question is responsive to it, although irrelevant and immaterial, then a motion of the party against whom such testimony is introduced to exclude such answer from the jury is addressed to the sound discretion of the trial court, and the action of the trial court on such motion will not be reviewed.

6.    It follows from what we have said in Sections 1, 2, 3, 4, and 5 of this opinion that assignments of error 1, 2, and 3 are not well taken, and that grounds 3, 4, 5, 9, 10, 11, 12, 13, 14, and 15, assigned on the motion of defendant for a new trial, present nothing to us for review.

7.    After the plaintiff had rested his case, the defendant moved the court to exclude *all* of the evidence which had been introduced by the plaintiff. This motion the court overruled. Thereupon the court's attention was called to the fact that the plaintiff had not proven that the injury of which the plaintiff complained had occurred in Tuscaloosa county. This proof the

[Yolande Coal & Coke Co. v. Norwood.]

court, against the objection of the defendant, then allowed the plaintiff to make. A court is a place where *justice* is administered; and whenever, in the opinion of a trial court, the justice and right of a case require, pending the trial, that it should be reopened and other evidence introduced the court has the power, and it is the duty of the court, to reopen the case and allow the introduction of additional testimony.—*Morrissett v. Wood,* 123 Ala. 384, 26 South. 307, 82 Am. St. Rep. 127. There is nothing in the seventh ground assigned on the motion for a new trial.

9. New trials cannot be granted merely because the court, sitting as a jury, would have rendered a verdict different from that returned by the jury.—*Winter & Loeb v. Jenkins,* 106 Ala. 259, 17 South. 627.

10. The tenacity with which the Anglo-Saxon race has clung, through successive ages, to the system of trial by jury indicates that through that system the English-speaking people believe that justice, under the law, is usually attained. As the jury is the forum to which the law has committed the determination of questions arising out of disputed facts, and as the trial judge himself is present during the trial, and has the opportunity of hearing the witnesses when they testify, and of observing their demeanor upon the stand, it is but right that an appellate court, when there is some evidence to support the verdict, should not disturb the action of the trial court in refusing to grant a new trial, upon the ground that it was contrary to the evidence, or that the verdict was excessive, unless the preponderance of the evidence against the verdict is so strong that the appellate court can say that it was palpably wrong and unjust.—*Cobb v. Malone & Collins,* 92 Ala. 630, 9 South. 738. In the present case, we are not able to say that in finding a verdict for the plaintiff

for the amount for which judgment was rendered against the defendant the jury did the defendant a palpable wrong. We are therefore of the opinion, after a careful consideration of the record, that the judgment of the court below must be affirmed.

Affirmed.