# Briel *v.* Exchange Nat. Bank.

### *Assumpsit.*

(Decided February 6, 1913.   61 South. 276.)

1. *Appeal and Error; Findings; Conclusiveness.*—An appellate court can only determine whether there was sufficient evidence to support a finding of fact, and will not disturb such a finding, unless it be so manifestly against the evidence that it should have been set aside by the trial judge after allowing all reasonable presumptions of its correctness, or unless clearly against the great weight of the evidence.

2. *Same; Harmless Error; Evidence.*—Where a statement was made by the witness without objections, the repetition of such a statement was harmless.

3. *Bills and Notes; Evidence; Sufficiency.*—The evidence examined and held sufficient to support a finding that the note was intended as the personal obligation of the defendant, and not as the obligation of the corporation in which he was an officer, although signed by the corporation, and by defendant's name with the word "Prest." following.

4. *Same; Evidence.*—Where the issue was whether the note sued on was the personal obligation of the defendant, or was that of the corporation by which it was signed together with defendant's name, followed by the word "Prest.," the question as to whether the note was sent to defendant by plaintiff for his individual signature, in accordance with an agreement to sign it, was proper.

5. *Trial; Reception of Evidence; Objection.*—Where a question required an answer as to two distinct facts, the first of which was admissible, an objection to the whole question was too broad, and hence, properly overruled.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Assumpsit by the Exchange National Bank of Montgomery against Fred C. Briel.   Judgment for plaintiff and defendant appeals.   Affirmed.

STEINER, CRUM & WEIL, for appellant.   For the former appeal in this case, see 172 Ala. 475; 55 South. 808. Under the evidence in this case the bank was bound to know that the note was the obligation of the Briel Shoe

[Briel v. Exchange Nat. Bank.]

Company a corporation, and that Briel did not intend to become personally liable thereon.—Sec. 4977, Code 1907; *Metcalf v. Williams,* 104 U. S. 93; *Roney v. Winter,* 37 Ala. 277. Counsel discuss the evidence and insist that the court was in error in its findings on the facts in such a sense as to call for a reversal of such finding.

BALL & SAMFORD, for appellee. The appellate court will not disturb the finding of the trial court if based on sufficient evidence to sustain such finding after indulging all reasonable presumptions of its correctness, as is its duty.—*Montgomery v. Massie,* 159 Ala. 437; *Dodge v. Irvington L. Co.,* 158 Ala. 91. The appellant is not helped any by the provisions of section 4977, Code 1907. Objections to questions must be limited to improper parts, and are too broad to reach the trouble where some of the facts requested are material.—*Holman v. Clark,* 148 Ala. 286. The understanding or agreement that Briel was to be personally liable or bound was sufficiently shown, and the objection to the evidence going thereto was properly overruled.—*Holman v. Clark, supra; Schafer v. Hausman,* 139 Ala. 241; *Saltmarsh v. Bower,* 34 Ala. 13.

SOMERVILLE, J.—On a previous appeal it was held that the note here sued on was prima facie the personal obligation of the defendant, as well as of the Briel Shoe Company, but that that intendment and effect might be defeated by evidence dehors the note showing a contrary intention by the parties.—*Briel v. Exchange National Bank,* 172 Ala. 475, 55 South. 808.

The names of the intending maker or makers were not in the body of the note, and the three signatures were written one under the other: Briel Shoe Co.; Fred C. Briel, Prest.; J. H. Taylor, Mgr.

The trial in the lower court was by the judge, without a jury, and on the evidence adduced as to the meaning and effect of defendant's signature the conclusion was reached that he was thereby personally bound for the payment of the note, and there was judgment for plaintiff accordingly.

The decisive question was purely one of fact, and on this appeal the judgment of the trial court comes to us with the conclusive force and effect of a verdict rendered by a jury, and the only inquiry we may here make is whether there was sufficient evidence to support the judgment.—*Montgomery Lodge, etc., v. Massie,* 159 Ala. 437, 49 South. 231; *Dodge v. Irvington Land Co.,* 158 Ala. 91, 48 South. 383, 22 L. R. A. (N. S.) 1100.

"In such cases the rule is not to reverse the finding, unless it is so manifestly against the evidence that a judge at nisi prius would set aside the verdict of a jury rendered on the same testimony."—*Nooe v. Garner,* 70 Ala. 443. And that should never be done, "unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738. As said in that case, the trial judge "has heard and seen the witnesses testify, observed their tone and demeanor, and noticed their candor or convenient failure of memory to avoid impeachment, or for other improper purpose. The appellate court, possessing none of those aids and advantages, and receiving the evidence on paper only, is less qualified to determine what evidence is worthy of belief, or what weight should be given to that which has been rejected by the jury, and may give undue weight to the testimony of some of the witnesses."—92 Ala. 634, 9 South. 739.

In this case the prima facie intendment of personal obligation was supported by the testimony of Cody, and by defendant's letter to Cody, in reply to the latter's request for a general personal guaranty of his company's obligations to plaintiff, saying: "I would be glad and would prefer in the future that each note as it is received, or those standing now, be changed to this effect, viz., signed 'Briel Shoe Company' with my personal signature and Taylor's as well."

This note was signed after this request and this statement; and, although former notes had been signed in the same way, and the debts secured were in fact, and were entered on plaintiff's books as, the debts of the Briel Shoe Company, nevertheless, despite those counter indications, and however the preponderance of the evidence may be, we think the finding of the trial court was sufficiently supported by the evidence; and we are unable to agree with appellant's insistence that there was such a great preponderance of the evidence against it as to convince us that it is wrong and unjust.

The cases cited by appellant are not in point, since they do not involve an issue of fact on the actual understanding and intention of the parties, such as is here presented.

Cody testified, without objection, that the signature in question was accepted by the plaintiff "as the personal signatures of Briel and Taylor." Thereafter, against defendant's objection, plaintiff was allowed to ask Cody if the note sued on was sent to Briel by plaintiff for his individual signature, in accordance with an agreement to sign it, and if, when returned with Briel's name signed to it, it was accepted as such personal signature; the question being answered in the affirmative.

The question called for an answer as to two distinct and separable facts, the first of which was clearly admissible. The objection to the whole was too broad, and was properly overruled. Again, as to the acceptance of the signature, the answer was but a repetition of his former statement, and added nothing thereto. With the entire answer excluded, however, the conclusion would not have been materially affected.

The judgment will be affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.