# Thomas *v*. Shows.

### Assumpsit.

(Decided February 6, 1917.   Rehearing denied February 10, 1917.
73 South. 994.)

1. **Exchange of Property; Personal Liability; Theory.**—Where the action was for the difference in value between the teams exchanged for a team of the tenant of defendant, and plaintiff claimed that defendant agreed to pay the difference, the only theory on which defendant would be liable would be that he was a direct party to the trade.

2. **Same.**—Under the evidence and the action of the court it is held that the only issue submitted to the jury was defendant's liability on his direct indebtedness.

3. **Same; Verdict.**—The evidence examined, and it is held that the verdict is not contrary to a preponderance of the evidence in such sense as to authorize the court to say that the verdict was wrong or unjust.

[Thomas v. Shows.]

APPEAL from Crenshaw Circuit Court.

Heard before Hon. A. E. GAMBLE.

Assumpsit by T. W. Shows against James Thomas. Judgment for plaintiff, and defendant appeals. Affirmed.

It appears that one Thomas Thomas was the owner of a team consisting of a mule and horse, and was farming upon James Thomas' place, and that he swapped this team to Shows for two mules, and a difference of $190, to be paid to Shows. Plaintiff contends that James Thomas was to pay this difference, and defendant James Thomas contends that he had nothing to do with the trade between Shows and Thomas Thomas. The other facts sufficiently appear.

W. A. GUNTER, and ARTHUR B. CHILTON, for appellant. FRANK B. BRICKEN, for appellee.

BROWN, J.— (1) The only theory on which the appellant can be held liable in this action is that he exchanged the team of Tom Thomas, upon which appellant held a mortgage, with appellee for appellee's mules and contracted with appellee to pay him the difference or boot charged by the appellee. If the trade was made between Tom Thomas and appellee, then appellant is not liable, and the judgment in this case should be reversed.

(2) At the conclusion of the evidence and after the court had delivered the oral charge to the jury, the following special charge was given at the defendant's request:

"That if Tom Thomas swapped teams with Shows and agreed to pay $190 difference, James Thomas would not be liable therefor unless he agreed to become so in writing expressing the consideration thereof and signed by him or by some one authorized to sign his name."

There was no contention or evidence that appellant had assumed in writing any liability to the appellee for himself or any one else, so it appears from this special charge, in view of the evidence, that the only issue submitted to the jury was appellant's liability on a direct indebtedness contracted by the appellant with appellee.

The undisputed evidence shows that the controversy in this case grew out of the exchange of a mule and a mare owned by Tom Thomas and upon which appellant held a mortgage, for a pair of mules owned by appellee; that Tom Thomas at the time

[Thomas v. Shows.]

was a tenant on appellant's farm and was indebted to him. The evidence offered by the plaintiff, though affected with imperfections and some contradictions, tended to show that both Tom Thomas and appellant were present at the time of the trade, and that the trade was between appellant and appellee, and that appellant agreed to pay the difference constituting the basis of the amount in suit.

The evidence offered by the defendant (appellant) tended to show that the trade was made between Tom Thomas and appellee, and that appellant was not present at the time of the trade and had nothing whatever to do with it, further than to give his consent that Tom Thomas might trade the property upon which he had a mortgage.

While it is true, as argued by appellant, that the plaintiff's witness Vreeland testified to the effect that he (plaintiff) was to charge "Jim Thomas $190 and Mr. Tom Thomas $200, and that Jim Thomas was to get $10 out of it," tends to corroborate the defendant's theory and contradict Vreeland's other testimony, as well as all the plaintiff's testimony, we find from the testimony of Tom Thomas, who was examined by the appellant, that the $190 was charged against him by appellant on his accounts; that the identical mules appellee exchanged for the Tom Thomas mule and mare were put in the appellant's mortgage in lieu of the mule and mare, and were turned over to appellant by Tom Thomas in the adjustment of his indebtedness to appellant.

The fact that the amount of the difference in the horse trade was charged against Tom Thomas by appellant was disputed by appellant's testimony.

(3) On the evidence, the issues in the case were for the jury, and, after a review and careful consideration of the evidence, we cannot say that the preponderance of the evidence against the conclusions expressed in the verdict is so strong that we are authorized to say that the verdict is wrong and unjust.—*Cobb v. Malone,* 92 Ala. 630, 9 South. 739; *Yolande Coal & Coke Co. v. Norwood,* 4 Ala. App. 390, 58 South. 118; *South. Ry. Co. v. Kirsch,* 150 Ala. 659, 43 South. 796.

Affirmed.