(85 South. 591)

THOMPSON v. SOUTHERN RY. CO.
(7 Div. 568.)

(Court of Appeals of Alabama. Feb. 10, 1920. On Rehearing, April 6, 1920.)

1. NEW TRIAL ☜77(1) — VERDICT NOT SET ASIDE, BECAUSE OF AMOUNT OF RECOVERY, EXCEPT·WHERE PASSION OR PREJUDICE IS SHOWN.

Verdicts of juries should not be set aside by the trial court on account of excessive or inadequate amounts returned as damages, unless the amounts are so large or small as to carry internal evidence of intemperance in the minds of the jury.

2. DAMAGES ☜131(1)—$350 NOT EXCESSIVE FOR INJURY TO BABY.

A verdict for $350 for injuries to an infant in arms, that was struck on the arm and head by the descent of a stop gate at a railroad crossing, the arm becoming black all the way up, and the hurt on the head being slight, the baby crying and giving evidence of the hurt by screaming for several hours, was not so large as to show passion or prejudice on the part of the jury, and the court erred in setting it aside.

3. APPEAL AND ERROR ☜1060(1)—REMARK OF COUNSEL RELATIVE TO PUNISHMENT OF RAILROAD NOT REVERSIBLE ERROR.

In an action for injuries, the action of the court in overruling defendant's motion to exclude the remark of plaintiff's counsel, in his address to the jury, that "if there is any way that the S. Railway can be punished, except by a judgment in this suit, then plaintiff is willing that the verdict shall be for the defendant," was not prejudicial error, where at the time the remark was made there was a count before the jury charging wanton negligence.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Action by Julia B. Thompson, by next friend, against the Southern Railway Company for damages for personal injuries. There was judgment for plaintiff, which on motion of the defendant was set aside, and plaintiff appeals. Reversed and rendered.

The case was tried on counts 1 and 2 of the complaint. The first count was based on the alleged negligence of the defendant in lowering a rail gate or heavy piece of timber in such a negligent manner as to cause the same to strike against the automobile in which plaintiff was riding, .severely bruis-

ing and injuring the plaintiff. Count 2 was based on the wanton or intentional negligence of the defendant.

The plaintiff was an infant, and was struck by the lowering of the west gate as the automobile in which she was riding was passing over the railroad track. It appeared that the automobile was traveling from the east towards the west along a street crossing the railroad track, and that there were two guard gates, one on the east and one on the west side of the track. The east gate was lowered to prevent travel going west from crossing the track in time of danger, and the west gate was lowered to prevent travel going east from crossing the track in time of danger. In this case it seems that the automobile passed the east gate traveling west, crossed the tracks, and was struck by a lowering of the west gate, inflicting the injuries complained of.

Ross Blackmon, of Anniston, for appellant.

The court erred in granting a new trial. 115 Ala. 461, 22 South. 80; 159 Ala. 310, 49 South. 310; 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; 194 Ala. 69, 69 South. 566, Ann. Cas. 1918E, 252; 194 Ala. 388, 69 South. 636; 175 Ala. 62, 56 South. 574; 150 Ala. 458, 43 South. 489; 106 Ala. 259, 17 South. 627; 4 Ala. App. 390, 58 South. 118.

Knox, Acker, Dixon & Sterne, of Anniston, for appellee.

The court was not in error in granting a new trial. 124 Ala. 409, 27 South. 471; 7 Ala. App. 543, 61 South. 482; (D. C.) 48 Fed. 914; 1 Woods, 367. The court could have properly set aside the verdict, because of the argument of counsel. 11 Ala. App. 644, 66 South. 942; 110 Ala. 48, 20 South. 468; 104 Ala. 471, 16 South. 538; 74 Ala. 386; 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037.

SAMFORD, J. The jury, on the facts, say that the damages to which plaintiff is entitled are $350. The judge trying the case is of the opinion that the case presented a jury question, but is of the opinion that the amount found by the jury is excessive. The question is thus squarely presented to this court as to whether the finding of the jury as to the amount of damages, or that of the trial judge, should prevail, as is shown by the facts in this case.

[1] Mr. Justice Thomas, in the case of N., C. & St. L. Ry. v. Crosby, 194 Ala. 338 et seq., 70 South. 7, has ably discussed and cited the authorities bearing on this question, and we are content to rest our conclusion on the opinion in that case. In that case it was said:

"Had the court given the affirmative charge at the request of the defendant, or set aside the verdict of the jury because contrary to the evi-

dence, it would have been an invasion of the province of the jury."

In the instant case, as in the Crosby Case, supra, there was evidence sufficient to submit the question of recovery and the amount of damage to the jury. The court, by its ruling on the motion for a new trial, recognizes the fairness of the jury in its conclusion that the plaintiff was entitled to a recovery, but disagrees with the jury as to the proper amount. Verdicts of juries should not be set aside on account of excessive or inadequate amounts returned as damages, unless the amounts are so large or small as to carry internal evidence of intemperance in the mind of the jury, and as was quoted in the Crosby Case with approval:

"It [granting a new trial] is by no means to be done where the court may feel that if they had been on the jury they would have given less damages."

No mere difference of opinion, however decided, justifies an interference with the verdict for this cause. Kimball v. Bath, 38 Me. 219, 61 Am. Dec. 243; Coffin v. Coffin, 4 Mass. 1, 3 Am. Dec. 189.

[2] In actions sounding in damages only, where the law furnishes no legal rule for measuring them, the amount to be awarded rests largely in the discretion of the jury, and unless, as we have said, the verdict is so large as to indicate that it was not the calm and dispassionate judgment of the jury, their verdict is conclusive, and will not be set aside as excessive, either by the trial court or on appeal. Calmly and dispassionately fixing the amount of damage from the evidence is peculiarly within the province of the jury, and courts will be very cautious in overturning verdicts on this ground. In this case the injury was to an infant in arms. The evidence for plaintiff was to the effect that it was struck on the arm and head by the descent of defendant's stop gate at a railroad crossing; that the arm all the way up became black, and the hurt on the head was slight; that the baby cried and gave evidence of the hurt by screaming for several hours; that it had never screamed that way before or since; that upon examination it was found that the baby was bruised on the head, arm, and shoulder, and that the bruises remained on the arm for two weeks. The jury returned a verdict for $350, the court set the verdict aside because he thought the amount should not have exceeded $75, and the plaintiff declined to enter a remittitur to meet the views of the court. The defendant's testimony tended to show that the injury to the baby was not so severe, but the jury evidently accepted the testimony of plaintiff's witness. Under those facts, as applied to the rules above set out, we are of the opinion that the ruling of the court on the evidence was error. C. of Ga. Ry. Co.

v. White, 175 Ala. 60, 56 South. 574; Yolande C. & C. Co. v. Norwood, 4 Ala. App. 390, 58 South. 118; Bellingrath v. Anderson, 203 Ala. 62, 82 South. 22.

[3] The action of the court in overruling defendant's motion to exclude the remark of plaintiff's counsel in his address to the jury that, "if there is any way that the Southern Railway can be punished, except by a judgment in this suit, then plaintiff is willing that the verdict shall be for the defendant," was not prejudicial error. At the time the remark was made, there was a count before the jury charging wanton negligence.

The court erred in setting aside the verdict and granting a new trial, and for this error the judgment is reversed, and a judgment will here be rendered for the appellant for the amount of the recovery.

Reversed and rendered.

### On Rehearing.

We have given careful consideration to the authorities and argument presented in the several briefs filed in support of this motion, and those contra, with a view to the announcement of a ruling that will not in any way militate against or be in conflict with the inherent power of trial judges to set aside verdicts of juries that are plainly the result of passion, prejudice, or other improper influence. In the interest of fairness and justice, this power must continue in trial courts, and we take occasion here to adopt the language of Chief Justice Stone in White v. Blair, 95 Ala. 148, 10 South. 258:

"We hold that no higher duty rests on a court of original jurisdiction than to assert his manhood, and grant or refuse to grant a new trial as the merits of the controversy may point out his duty."

To this end, appellate courts will allow all reasonable presumptions of the correctness of his judgment. Briel v. Exch. Bank, 180 Ala. 576, 61 South. 277. But this power is to be exercised within certain defined limits and with due regard to the importance of verdicts of juries, who themselves are acting under oath, and whose findings on the facts, when not affected by passion, prejudice, or other improper influence, are superior to that of the trial judge. To permit a trial judge to substitute his judgment on the facts for that of the jury, or to give undue presumption to the action of the trial judge in dealing with verdicts, would minimize the jury system rendered juries advisers of the trial judge rather than a positive force in the administration of justice, and would be "an entering wedge" to a destruction of jury trials, a system so long held to be one of the most sacred rights of the Anglo-Saxon race.

In the instant case, the judge was not of the opinion that the verdict for the plaintiff was contrary to the weight of the evidence. It also appears he would not have disturbed the verdict, if the damages assessed had not exceeded $75. The verdict being for $350, there was a difference between the judge and the jury of $275. In this case $75 would have been no more than a mere nominal recovery. The question of compensating the plaintiff for the injury was for the jury, whose findings ought not to be disturbed, unless the facts and circumstances show bias, passion, or prejudice. There is no evidence of this in this record, unless as is contended, the amount of the verdict itself discloses this fact, and this we do not think is the case here. Regardless of what the trial judge would have done, if he had constituted a part of the jury, we do not think the verdict was so excessive as to authorize a judgment setting it aside. Bellingrath v. Anderson, supra.

The application for a rehearing is denied.

Application denied.