(93 South. 77)

### NORWOOD TRANSP. CO. v. STANFORD.
(6 Div. 984.)

(Court of Appeals of Alabama.   April 4, 1922.)

**1. Appeal and error ⟲⟲1078(1)—Assignments not insisted on are waived.**

Assignments of error not insisted on by appellant are waived.

**2. Municipal corporations ⟲⟲706(8)—Instructions held to require too high a degree of care by pedestrian.**

Instructions that, if plaintiff walked into side of defendant's bus, and saw or could have seen it approaching, he was guilty of negligence, and that, if he saw or could have seen the bus, and his failure to take notice of it was due to his own negligence, he could not recover, required too high a degree of care.

**3. Negligence ⟲⟲82—Contributory negligence must be concurring proximate cause.**

Contributory negligence, to be available as a defense, must at least be a concurring proximate cause of the injury.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by E. W. Stanford against the Norwood Transportation Company for damages for personal injury, because of being struck by a truck or bus operated by the defendant on public streets of Birmingham. Judgment for plaintiff, and defendant appeals. Affirmed.

The pleas were the general issue and contributory negligence. The following charges were refused to the defendant: ·

(6) If you are reasonably satisfied from the evidence that the plaintiff walked into the side of the defendant's bus, and that he saw or could have seen the bus approaching or in front of him, I charge you that he was guilty of negligence as a matter of law, and that you cannot find a verdict in favor of the plaintiff.

(8) If you believe from the evidence that the plaintiff saw or could have seen the bus of the defendant on the occasion complained of in the complaint, and that his failure to take notice of the approaching bus was due to his own negligence, then I charge you that the plaintiff was guilty of negligence, and that he cannot recover.

London, Yancey & Brower, of Birmingham, for appellant.

The court erred in refusing to give charges 6 and 8, and in denying defendant's motion for a new trial. Section 5364, Code 1907, as amended by Acts 1915, p. 815; 51 Ala. 566; 58 Ala. 675.

Bowers, Dixon & Bowron, of Birmingham, for appellee.

There was no error in refusing the charges requested by defendant. 146 Ala. 276, 40 South. 988; 166 Ala. 575, 51 South. 959; 124 Ala. 372, 26 South. 880. On the same authorities the court properly declined to give charge 6. There was no error in refusing the motion for new trial. 163 Ala. 170, 50 South. 975.

SAMFORD, J. [1] By a failure to insist upon them the appellant waives all of the assignments of error, except as to the court's refusal to give at its request in writing charges 6 and 8, and the refusal of the court to grant a motion for a new trial on the ground that the verdict of the jury was so excessive and contrary to the weight of the evidence.

[2] Charges 6 and 8 in the second alternative require too high a degree of care on the part of plaintiff. "Contributory negligence," in its legal signification, is such an act of omission on the part of plaintiff, amounting to a want of ordinary care as, concurring or co-operating with the act of defendant, is a proximate cause or occasion of the injury complained of. Thompson v. Duncan, 76 Ala. 334.

[3] Again, contributory negligence, to be available as a defense, must at least be a concurring proximate cause of the injury. 10 Michie's Digest, 582, § 38.

Under the former rulings of this court and

---

of the Supreme Court, according to the facts as presented by this record, we cannot reverse the trial court for its failure to grant the motion for a new trial. Thompson v. So. Ry., 17 Ala. App. 406, 85 South. 591.

We find no error in the record, and the judgment is affirmed.

Affirmed.