(101 So. 656)

**CHEVROLET MOTOR CO. et al. v. CATON.**
**(1 Div. 335.)**

(Supreme Court of Alabama. Oct. 23, 1924.)

**Trover and conversion ⬥⟲37—Evidence as to identity of car in plaintiff's possession, alleged to have been substituted for one purchased by her, held erroneously excluded.**

On issue whether defendant had kept plaintiff's car and delivered another in its place, it was error to exclude testimony by witness who had seen car in her possession that it had on it numbers of car sold to plaintiff, nor was proffer of such testimony bad because witness was acting on behalf of another than defendant.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Mary S. Caton against the Chevrolet Motor Company and others. Judgment

for plaintiff, and defendants appeal. Transferred from Court of Appeals under section 6, page 450, Acts 1911. Reversed and remanded.

The action is in three counts, respectively, for the unlawful taking, for the conversion, and for the unlawful detention, by the defendant, of a Chevrolet automobile.

Plaintiff's contention is that she bought of defendant a new Chevrolet car on October 19, 1920, for which she paid down $425, and gave her notes for the balance of $570.65 in ten equal monthly installments, the title being retained by the vendor until the purchase money was fully paid; that the car worked badly, and she turned it over to defendant for repair or correction of defects, and on October 23, 1920, defendant delivered back to her, instead of the one she had bought, another and different Chevrolet car, inferior in condition and equipment; and that she discovered the fact of the exchange almost immediately, and demanded the restoration of her own car, which defendant's agents refused. Plaintiff admits that she nevertheless retained the substituted car and used it for about eight months, during which time she made payment of the eight purchase-money notes currently falling due.

It appears without dispute that, after default in the payment of the last two notes, an action in detinue was brought against plaintiff for a car answering the description, by name and numbers, of the car she bought (the name of the plaintiff in that suit being excluded from the evidence on the objection of plaintiff herein), and the car in her possession was taken by the sheriff under a writ of seizure.

It was admitted by plaintiff, during the oral charge to the jury, that the said detinue suit was brought by a corporation holding the legal title to the purchase-money notes, and that it resulted in a verdict for the plaintiff therein. The contract of sale between plaintiff and defendant was offered in evidence by plaintiff, and also the purchase money notes, from which it appears that the contract, and the title to the motor car and the notes, were indorsed and transferred by defendant to the General Motors Acceptance Corporation on the same day the contract of sale and the notes were made.

Defendant denied the claim of plaintiff as to the substitution of the inferior car for the car she had bought, and denied any knowledge that she made such a claim, and also that she demanded of its agents the return of the alleged original car. The testimony was in conflict as to these contentions, and the trial judge refused to give for defendant the general affirmative charge as to each of the counts.

R. M. Smith, Esq., a witness for defendant, testified that about December, 1921, he went to plaintiff's store and demanded of her the possession of an automobile. The court sustained plaintiff's objection to the question, "Whom were you representing?" Defendant then offered to show by the witness that on that occasion he saw the car there in her possession; that it had on it the numbers that were on the car sold to plaintiff; that the witness demanded of Miss Caton (the plaintiff) possession of the car on behalf of the General Motors Acceptance Corporation; and that she told him that the car was there in the barn, but that the witness could not get it until he took it. The court sustained plaintiff's objection to this evidence, to which ruling defendant excepted.

There was a verdict for plaintiff for $973.-21, and from the judgment thereon defendant appeals.

Stevens, McCorvey, McLeod & Goode, of Mobile, for appellants.

In order for plaintiff to recover, she must have shown legal title or right of immediate possession. Turk v. Daniel, 19 Ala. App. 289, 97 So. 125; Lucas v. Pittman, 94 Ala. 616, 10 So. 603; Hodges v. Westmoreland, 209 Ala. 498, 96 So. 573.

F. K. Hale, Jr., of Mobile, for appellee.

Counsel argue the questions raised, but without citing authorities.

SOMERVILLE, J. The decisive issue of fact in this case was the identity, vel non, of the automobile returned by the defendant to the plaintiff, with the car which she bought from defendant and left with defendant for repairs. All evidence tending to prove or to disprove that identity was relevant, and was admissible if otherwise competent.

The evidence showed without dispute that the car sold by defendant to plaintiff was numbered on the car as follows: Model number, 490–T; manufacturers' serial number, 366,343; motor number, 89770. Plaintiff's contention was that the car returned to her by defendant was one falsely substituted by defendant for her own car, and that the substituted car had no "motor number" on it at all. It was therefore proper for defendant to show that the car received and kept by plaintiff bore the same numbers as those on the original car, not only because such evidence was relevant as tending to show the identity of the cars, but also because it was a direct contradiction of plaintiff's testimony.

The proffered testimony of R. M. Smith, Esq., should therefore have been admitted, and its exclusion was erroneous. The fact that defendant included in the proffer the statement that the witness was demanding possession of the car on behalf of his client, the General Motors Acceptance Corporation, and that plaintiff stated that it was in her barn, and the witness would have to take it if he got it, did not render the proffer bad,

since it was competent and proper for defendant to show the circumstances under which he saw and examined the car, and his conversation with plaintiff with respect thereto, tending, as it did, to show an implied admission on her part that she had the original car described in the written contract.

Counsel for plaintiff suggests that the exclusion of this testimony was harmless because the ' facts were expressly admitted by plaintiff at a later stage of the trial; but an examination of the record shows that there was no admission of the identity of the numbers, but rather a denial of it, expressly so, as to the motor number, the presence of which was denied.

Plaintiff's testimony included a great deal of irrelevant matter, as to which comment is unnecessary, since it may not be offered again.

For the error noted, the judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.