(108 So. 644)

## CHEVROLET MOTOR CO. et al. v. CATON. (1 Div. 652.)

(Court of Appeals of Alabama.  May 18, 1926.)

**Appeal and error ⚖═1015(1)—Judgment granting new trial on ground, among others, that verdict was contrary to evidence, will not be reversed, where evidence did not plainly and palpably support verdict.**

Judgment granting new trial on ground, among others, that verdict was contrary to evidence, will not be reversed, where evidence did not plainly and palpably support verdict.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Mary S. Caton against the Chevrolet Motor Company and the Chevrolet Motor Company Retail Store. Judgment for plaintiff for an insufficient amount, and from a later judgment awarding plaintiff's motion for a new trial, defendants appeal. Affirmed.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellants.

Where the record shows that the verdict for nominal damages is clearly supported by

the evidence, the appellate court will reverse the judgment of the trial court ordering a new trial, and itself overrule the motion for a new trial. Tenn. Valley Bank v. Osborn, 17 Ala. App. 561, 86 So. 160; Karter v. Peck, 121 Ala. 636, 25 So. 1012; Hoskins v. Hight, 95 Ala. 284, 11 So. 253; McLeod v. Shelly Mfg. Co., 108 Ala. 81, 19 So. 326. Where plaintiff is not entitled to recover in any event, a verdict for nominal damages should be set aside only on motion of defendant. Hood v. Warren, 205 Ala. 332, 87 So. 524; Hopkins v. Duggar, 204 Ala. 626, 87 So. 103.

Inge & Bates and F. K. Hale, Jr., all of Mobile, for appellee.

Counsel argue the question raised, but without citing authorities.

RICE, J. Appellee (plaintiff below), suing in separate counts of her complaint, for the wrongful taking, conversion, and unlawful detention, of one Chevrolet automobile, had verdict and judgment against appellant (defendant), for one cent and costs. From the later judgment of the trial court granting her motion to set aside the verdict of the jury and the judgment entered thereon, and awarding to her a new trial, appellant brings this appeal.

A former appeal of this case was transferred to and decided by the Supreme Court. Chevrolet Motor Co. et al. v. Caton, 212 Ala. App. 42, 101 So. 656. In that appeal all questions of substantive law of the case were, at least by implication, disposed of.

Nothing is presented here, but the propriety vel non of the action of the lower court in granting appellee's motion, based on the ground, among others, that the verdict was contrary to the evidence, to set aside the verdict and judgment in her favor for one cent and costs.

As stated in the opinion in Cobb v. Malone, 92 Ala. 630, 635, 9 So. 738, 740:

" * * * Decisions [in situations of the kind here] granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict."

We cannot say that the conditions for a reversal exist on this appeal. We have carefully examined the evidence in the case, and, allowing the usual presumptions in favor of the correctness of the trial court's ruling by virtue of his having seen and heard the witnesses testify, we are unable to hold that the verdict of the jury was "plainly and palpably supported by the evidence." As the case must be tried again we have deemed it unwise to discuss the said evidence in detail, in support of our holding.

Let the judgment be affirmed.

Affirmed.