(109 So. 895)

### AGEE v. NELSON. (6 Div. 957.)

(Court of Appeals of Alabama. Oct. 26, 1926.)

**1. Damages ⊂⊃96.**

Where there is conflict in evidence, amount recoverable as damages for personal injuries is within sound discretion of jury.

**2. New trial ⊂⊃75(4).**

Verdict of jury, awarding damages for personal injuries and based on conflicting evidence, will not be disturbed for inadequacy, unless it is manifest that it was based on passion, prejudice, or improper motives.

**3. Damages ⊂⊃208(8).**

Awarding of punitive damages is discretionary with jury.

Appeal from Circuit Court, Jefferson County; R. V. Evans, Judge.

Action by Ethel Agee against T. L. Nelson. Plaintiff, being dissatisfied with the judgment in her favor, appeals. Affirmed.

D. G. Ewing and Leigh M. Clark, both of Birmingham, for appellant.

A new trial should be granted, where the preponderance of evidence is so great as to convince the court that the verdict of the jury was wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Southern R. Co. v. Carolina-Portland Cement Co., 171 Ala. 427, 55 So. 134. In an action for personal injuries, a verdict which is for a substantially smaller amount than plaintiff's actual pecuniary loss, as established by complete evidence, should be set aside on motion of plaintiff. Code 1923, § 9518; Ætna Accident & Liability Co. v. Birmingham Ry., Light & Power Co., 198 Ala. 72, 73 So. 383; Hardeman v. Williams, 157 Ala. 422, 48 So. 108.

London, Yancey & Brower and Frank Bainbridge, all of Birmingham, for appellee.

The amount of recoverable damages is left to the sound discretion of the jury, and should not be set aside, unless plainly produced by prejudice, passion, or other improper motive. Birmingham v. Cain, 17 Ala. App. 489, 86 So. 124; Whitman's Fifth Ave. Garage Co. v. Ricks, 211 Ala. 527, 101 So. 53; Louisville & N. R. Co. v. Robinson, 213 Ala. 522, 105 So. 874; Cobb v. Malone, 92 Ala. 630, 9 So. 738; Huckaba v. Hill, 209 Ala. 466, 96 So. 569. Punitive damages are not recoverable as matter of right, but a question for the jury. Birmingham Ry., Light & Power Co. v. Coleman, 181 Ala. 479, 61 So. 890.

BRICKEN, P. J. Appellant brought suit against appellee for the recovery of damages on account of personal injuries alleged to have been sustained when an automobile driven by appellee struck appellant upon one of the public streets in the city of Birmingham. The issues involved upon this trial were submitted to the jury and a verdict returned in favor of plaintiff (appellant); her damages being assessed at $50.

On the theory that the verdict and judgment were inadequate, plaintiff, within the time required by law, made motion for a new trial. The motion was overruled; plaintiff excepted. From the judgment on the motion this appeal was taken. The action of the court in overruling the motion for a new trial presents the controlling question upon this appeal.

[1-3] The rules governing the points of decision here involved are well established and may be briefly stated: (1) A motion for new trial upon the ground of inadequacy of the amount of the verdict will not be granted when under the evidence such verdict of the jury is justified. (2) The jury must determine the credibility of witnesses and accord such weight to their testimony to which it may be entitled, and upon conflicting evidence the verdict, approved by the trial court, will not be disturbed on appeal. In other words, where there is conflict in the evidence, the amount recoverable as damages, for personal injuries, is within the sound discretion of the jury, and the verdict of the jury will not be disturbed, for inadequacy except where it is manifest that such verdict was based upon passion, prejudice or other improper motive. The awarding of punitive damages is within the sound discretion of the jury. Such damages are not recoverable as a matter of right.

We have carefully read and considered all the evidence adduced upon the trial of this case, and we consider it unnecessary to rehearse it here. The jury were the judges of the sufficiency of the evidence, and of which of the conflicting theories the evidence tended to establish. This court has not the advantages of the lower court, and the jury, for determining the numerous controverted facts involved. Here we are deprived of the opportunity to observe the demeanor of the

witnesses who testified upon this trial. The appearance of candor or of evasion, of interest or of disinterestedness, of assurance or of uncertainty, and the degree of intelligence or familiarity manifested, were before the jury, and are matters for their consideration in determining the weight which should be accorded to their testimony.

Clearly we are without the right, or authority, to interfere with the verdict rendered upon the conflicting evidence, for after a careful study thereof we cannot say that the verdict of the jury in this cause indicates prejudice, passion, partiality, or corruption, or that the preponderance of the evidence against the verdict is so patent as to clearly convince this court that it is wrong and unjust.

An affirmance of the judgment is therefore ordered.

Affirmed.