(116 So. 325)

**CHEVROLET MOTOR CO., etc., v. CATON.**
**(1 Div. 732.)**

Court of Appeals of Alabama.   Nov. 1, 1927.

Rehearing Denied Dec. 20, 1927.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellant.

Inge & Bates, of Mobile, for appellee.

SAMFORD, J.   This is the third appeal in this case. Chevrolet Motor Co. v. Caton, 212 Ala. 42, 101 So. 656; Chevrolet Motor Co. v. Caton, 21 Ala. App. 393, 108 So. 644. The facts in each trial have been substantially the same. At each trial in the nisi prius court

a motion was made involving the facts and the entire evidence and rulings were then made favorable to appellee. At the first trial appellee recovered a substantial verdict and the trial judge refused to set it aside. The Supreme Court reversed this judgment for and on account of errors relating to the admission of evidence. Chevrolet Motor Co. v. Caton, 212 Ala. 42, 101 So. 656. On the next trial and with all the evidence in, as ruled by the Supreme Court, a jury found in favor of plaintiff, but fixed the damages at a nominal amount. On motion by appellee this verdict was set aside on the ground that the verdict was contrary to the evidence. On appeal in that case this court, speaking through Rice, J., said:

"We are unable to hold that the verdict of the jury was 'plainly and palpably supported by the evidence.' "

The judgment granting the motion for new trial was affirmed. Chevrolet Motor Co. v. Caton, 21 Ala. App. 393, 108 So. 644. The cause was again tried by another jury and a verdict rendered in favor of appellee and fixing the damages at a substantial amount. The judge trying the case refused a motion for new trial and we are now asked to say that the trial judge was in error, because the verdict of the jury was contrary to the great weight of the evidence. There are some other minor questions raised, but they are without merit, and the foregoing is the real question on this appeal.

There can be no doubt but that the evidence is in serious conflict—that for the plaintiff, if believed by the jury, establishing her case, and that for the defendant establishing the case of defendant. There is nothing in the evidence to indicate that the verdict of the jury was the result of "prejudice, passion, partiality, or corruption, or that the preponderance of the evidence against the verdict is so patent as to clearly convince this court that it is wrong and unjust," in the absence of which this court ought not to interfere with the finding of the jury. Agee v. Nelson, 21 Ala. App. 545, 109 So. 895. The question at issue was one of fact for the jury. Three juries, duly impaneled, sworn, and charged, believed the evidence of the plaintiff. The judge, who had all the parties before him, heard them testify, and saw their demeanor on the stand, is of the opinion that the verdict should stand. We do not discuss the evidence other than to say it was in conflict, and no mere difference of opinion on the part of this court, however decided, would justify us in interfering with the verdict. Thompson v. So. R. Co., 17 Ala. App. 406, 85 So. 591; Kimball v. Bath, 38 Me. 219, 61 Am. Dec. 243; Coffin v. Coffin, 4 Mass. 1, 3 Am. Dec. 189; N. C. & St. L. Ry. v. Crosby, 194 Ala. 338, 70 So. 7.

Plaintiff's witness Verrick qualified as to his knowledge of automobiles generally, and as to his familiarity with this particular car. We think the court was not in error in permitting this witness to give his opinion as to the age of the car in plaintiff's possession.

We find no error in the record, and the judgment is affirmed.

Affirmed.

BRICKEN, P. J., concurs in the above opinion.

RICE, J. (dissenting). This is the third appeal in this case. Chevrolet Motor Co., etc., v. Caton, 212 Ala. 42, 101 So. 656, and Chevrolet Motor Co., etc., v. Caton, 21 Ala. App. 393, 108 So. 644.

It will be observed that the first appeal was transferred from this court to the Supreme Court, where the judgment in favor of the plaintiff (appellee) was reversed by that court solely on the ground of an error of the trial court in excluding certain testimony. 212 Ala. 42, 101 So. 656, supra.

The second appeal (21 Ala. App. 393, 108 So. 644) was by the defendant (appellant) from an order of the trial court granting plaintiff's motion to set aside a verdict which had been returned by the jury in her favor for one cent. That action by the trial court was here affirmed.

On this appeal, while there are three or four claimed errors of the trial court on the taking of testimony assigned, which we have not deemed it worth while to consider, by virtue of the view we have taken, the question of the sufficiency vel non of the evidence to support the verdict returned is presented for our decision. We might, though, before considering that question observe that it was, in our opinion, error, to allow the witness Verrick to give his opinion as to the age of the car in plaintiff's possession, inspected by him, especially without basing it upon some information as to the number of miles it had been driven, or the treatment it had received.

The plaintiff (appellee), as appears from the reports of the decisions on the two former appeals, bought from defendant (appellant) a new automobile on October 19, 1920, paying therefor some $402.10 in cash, and giving her note for the balance, payable in 10 equal monthly installments of $57.06 each. She paid, as they matured, 8 of these monthly payments, by which time, as she states, the car would not run and was worthless. Upon her failure or refusal to pay the ninth and tenth monthly installments, the car which she held was, upon her refusal to surrender it, taken from her under a writ of detinue sued out at the instance of the General Motors Acceptance Corporation, to whom the purchase-money note for the car had been transferred for value. This writ of detinue was executed by the sheriff of Mobile county, through his deputy, on December 13, 1921.

Thereafter, on May 6, 1922, this suit was filed by plaintiff, alleging the conversion or wrongful taking of her car by defendant, and claiming damages in the full amount paid by her for same. She testified at the trial that four days after she purchased the car it was sent back to appellant's garage for some repairs, and that appellant's agents took or kept her car and substituted and sent back to her in its place another and secondhanded car of like make. The jury on the last trial, from the judgment in which, and from the judgment or order overruling defendant's motion for a new trial, this appeal is taken, returned a verdict in her favor for $972.75.

The chief insistence of appellant's counsel on this appeal, and the one upon which we all agree it should be decided, is that the court erred in refusing to grant a new trial upon the ground that the verdict was contrary to the great weight of the evidence.

As stated by the Supreme Court in Mutual Life Ins. Co. of New York v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A. L. R. 649:

"We are fully mindful that upon questions of this character much deference is to be accorded the views of the trial judge, and that the powers of this court in this regard should be exercised with the greatest caution, but, as said by this court in Southern Ry. v. Grady, 192 Ala. 515, 68 So. 346: 'Courts are organized that justice may be evenly administered, and if after allowing all reasonable presumptions in favor of the correctness of the verdict of the jury, the preponderance of the evidence against the verdict is so decided as to involve the conviction that it is wrong and unjust, then it is the duty of the court to so exercise its power and grant the new trial.' "

The evidence in this case has been very carefully read and considered by this court in consultation, and it pains me deeply to be forced to disagree with the conclusion reached by my Brethren. As stated in the majority opinion, no discussion of the evidence would be profitable. It is simply that as I read the evidence it is conceivable that plaintiff and her witnesses might be *honestly* mistaken, but to allow their version of the claim, so filled with improbabilities and contradictions, to prevail, without protest, would not only do violence to my conscience, but would necessarily brand defendant's witnesses, none of whose character is impeached, as *deliberately* testifying falsely.

With me, "the preponderance of the evidence against the verdict is so decided as to involve the conviction that it is wrong and unjust," and, as I understand the law, when that is the case it is our duty to set it aside. While I think it would make no difference as to our duty in the premises, still I would like to observe that I regard the verdict of one cent in favor of the plaintiff on the second trial of this case not as being a circumstance that weighs in favor of our upholding this verdict, but rather as being evidence that at least one of the three juries that have tried the case did not believe plaintiff's evidence.

I am forced to dissent.